[Cite as *Bank of New York Mellon Trust Co., v. Unger*, 2012-Ohio-1950.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97315**

## THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.

PLAINTIFF-APPELLEE

vs.

## JAMES M. UNGER, ET AL.

DEFENDANTS-APPELLANTS

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-711343

**BEFORE**:  Rocco, J., Sweeney, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED**:  May 3, 2012

-i-

**ATTORNEY FOR APPELLANT**

James R. Douglass
James R. Douglass Co., LPA
20521 Chagrin Blvd., Suite D
Shaker Heights, Ohio   44122

**ATTORNEYS FOR APPELLEE**

**For Bank of New York Mellon**

Karen M. Cadieux
Jeffery A. Lipps
David A. Wallace
Joel E. Sechler
Carpenter Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio   43215

**For Ohio Department of Taxation**

Lindsey K. McCarron
Assistant Attorney General
150 East Gay Street
21st Floor
Columbus, Ohio 43215


**For United States of America**

James R. Bennett
400 United States Courthouse
801 W. Superior Avenue
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶1} Defendants-appellants James M. Unger and Kelly B. Unger ("Ungers") appeal from the trial court's orders in favor of plaintiff-appellee The Bank of New York Mellon Trust Company, National Association f.k.a. The Bank of New York Trust Company NA, as Successor to JP Morgan Chase Bank NA, as Trustee for RAMP 2004RS10 ("Mellon") relating to the Ungers' counterclaim in which they sought the removal of "a cloud placed upon his and her title by an invalid assignment of mortgage."

{¶2} The Ungers present three assignments of error. They argue the trial court erred in holding the Ungers lacked standing to challenge mortgage assignments. The Ungers further argue they have standing to challenge the cloud placed upon their title, particularly a cloud placed on the title by fraudulent mortgage assignments. Finally, the Ungers argue the trial court erred in striking attachments to their motion for summary judgment.

{¶3} Upon a review of the record, this court cannot find any error occurred with respect to the trial court's orders.

{¶4} Mellon filed its complaint on November 30, 2009. In the first count, Mellon alleged it held a note of indebtedness secured by a mortgage on property, the Ungers

defaulted under the terms of the note, and the Ungers owed $381,922.12 on the note. Mellon alleged in the second count it was entitled to a decree of foreclosure with respect to the property because a mortgage secured the note, and the mortgage was assigned to Mellon.

{¶5} Mellon attached to its complaint five exhibits. The first exhibit is a copy of the note; it names James Unger as the "Borrower" and SouthStar Funding, LLC, ("SouthStar") as the "Lender" of a principal sum in the amount of $391,000.00 for the purchase of a property located at 3158 Morley Road in Shaker Heights. James Unger signed the note.

{¶6} The note includes a prepayment penalty option note addendum and two allonges.[1] The first allonge dated August 9, 2004 ("Allonge 1") states, in pertinent part, "Pay to the Order of Without Recourse: RESIDENTIAL FUNDING CORPORATION" ("RFC") by SouthStar. Lynn B. Leonard signed Allonge 1 as "Assistant Vice President of South Star." Allonge 1 has an additional stamp that states, in pertinent part, "PAY TO THE ORDER OF JP MORGAN CHASE BANK, AS TRUSTEE WITHOUT RECOURSE" by RFC. Judy Faber signed this portion of the allonge as "Vice President of RFC," but there is no date associated with her signature.

---

[1] An allonge is an addition to a document often attached on a separate piece of paper.

{¶7} The second allonge dated November 11, 2009 ("Allonge 2") states, in pertinent part, "FOR VALUABLE CONSIDERATION, WITHOUT RECOURSE, the undersigned [JP Morgan Chase Bank, as Trustee] hereby endorses * * * " the note to Mellon. Jeffrey Stephan signed Allonge 2 as "Limited Signing Officer for JP Morgan Chase Bank, as Trustee."

{¶8} The second exhibit attached to Mellon's complaint is a copy of a Mortgage dated August 9, 2004.  It indicates it is a "security instrument," with the Ungers as joint borrowers.  It further indicates that the security instrument was given to Mortgage Electronic Registration Systems, Inc. ("MERS") (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as "mortgagee."  SouthStar is the "Lender." The Ungers initialed each page of the security instrument, and signed their names on the final page. The Ungers' signatures were notarized on August 9, 2004.

{¶9} The next exhibit Mellon attached to its complaint is a copy of an "Assignment of Mortgage." The first page of the document indicates "the undersigned, Mortgage Electronic Registration Systems Inc. as nominee for SouthStar Funding, LLC" transferred the Ungers' mortgage to "The Bank of New York as successor Trustee to JPMorgan Chase Bank as Trustee" ("Bank of New York").  Shellie Hill signed the document on May 31, 2007 as "Assistant Secretary" of MERS, as nominee for SouthStar.

{¶10} A document entitled "Assignment" is attached to Mellon's complaint as the next exhibit.  The first page of the document indicates Bank of New York assigned the

mortgage to Mellon. Stephan signed the document on October 19, 2009 as "Limited Signing Officer" for Bank of New York.

{¶11} Mellon also attached to its complaint a Preliminary Judicial Report dated November 13, 2009. It indicates Old Republic National Title Insurance Company performed a title search on the Ungers' property. The report further indicates the property was "free from all encumbrances *** except as shown in Schedule B." One of the items listed on Schedule B is a "Mortgage in favor of 'MERS', Mortgage Electronic Registration Systems, Inc., acting solely as nominee for SouthStar Funding, LLC, from James M. Unger and Kelly B. Unger, no marital status shown, in the amount of $391,000.00, filed August 10, 2004, recorded at Official Instrument Number 2004081000004, Recorder's Office, Cuyahoga County, Ohio." Schedule B also lists the two mortgage assignments.

{¶12} On February 23, 2010, the Ungers filed their answer and counterclaim for declaratory judgment and for damages. In the answer, James Unger admitted to executing the note. The Ungers also admitted to executing the mortgage.

{¶13} In the first cause of action in the counterclaim, James Unger asserted he was entitled to a declaratory judgment that the note and mortgage "assigned" to Mellon was not negotiated and indorsed in conformity with applicable Ohio law. SouthStar, therefore, continues to be the note's holder, and Mellon has no right, title or interest in the note, or the payments due under the note.

**{¶14}** In the second cause of action, the Ungers repeated the claim the assignments of the note and mortgage were invalid under applicable law. They sought, therefore, a judgment that Mellon does not possess a valid and subsisting mortgage on the property. They also asked the court to find the mortgage and mortgage assignments were void and unenforceable in order to quiet title in the name of James Unger.[2]

**{¶15}** The Ungers filed a motion for an in camera inspection on February 25, 2010. They asked the court to order Mellon's production of the original undated Allonge 1 because "said copy of said document attached to Plaintiff's Complaint appears to have been impermissibly altered." The court granted the motion, and Mellon produced the original note for inspection on March 18, 2010.

**{¶16}** In a judgment entry dated November 2, 2010, the trial court ordered Mellon to show cause on or before November 8, 2010 why the court should not dismiss the foreclosure complaint. The court stated:

> [T]he Plaintiff calls into question the validity of [its] own internal review process and thereby, questions the evidence it has submitted in this case. Plaintiff also indicated that it is not prepared to prosecute this case. Plaintiff must show cause on or before November 8, 2010, why this case should not be dismissed without prejudice at Plaintiff's costs. Failure to do so will result in dismissal of the case without prejudice.

---

[2] The Ungers claim in their third cause of action SouthStar misrepresented certain loan terms in connection with James Unger's execution of the note. SouthStar, however, was not a party to this action. The Ungers also did not request any specific relief for this cause of action.

{¶17} Mellon requested a continuance of thirty days "to finalize its investigation." The trial court dismissed Mellon's complaint on December 13, 2010 for failing to show cause as required by the November 2, 2010 order. The case remained pending solely on the Ungers' counterclaims.

{¶18} Mellon filed a motion for summary judgment on June 13, 2011. Mellon argued the Ungers lacked standing to assert their first counterclaim under Ohio's declaratory judgment statute because they are not a party to the assignments of mortgage. Even if they had standing, Mellon asserts they could not meet their burden the note and mortgage were improperly transferred through the assignments. Mellon also argued the Ungers were not entitled to judgment on their second counterclaim to quiet title because they admitted to signing the note and mortgage, and they could not produce evidence the lien was satisfied or otherwise discharged.

{¶19} The Ungers also filed a motion for summary judgment on June 13, 2011. The Ungers asserted "the Assignments of Mortgage * * * are void and unenforceable as they were executed and filed after the bankruptcy of the mortgagor SouthStar Funding, LLC and were executed without authority." They sought, therefore, from the court an order striking the assignments and original mortgage from the Cuyahoga County records as "they represent a cloud" upon the Ungers' title.

{¶20} Each party filed a memorandum on July 13, 2011 opposing the other party's motion. Mellon also filed a motion to strike the documents attached to the Ungers'

motion. Mellon averred none of the documents attached to the Ungers' motion were sworn, authenticated, or certified as required under Civ.R. 56. Mellon moved the trial court to deny the motion for summary judgment because the Ungers failed to satisfy their initial burden under Civ.R. 56.

{¶21} On August 24, 2011, the trial court granted Mellon's motion for summary judgment. The court found and concluded, in pertinent part:

> The first counterclaim requests, pursuant to R.C. § 2721.03, a declaration that plaintiff is not the holder of the note and is not entitled to enforcement of the mortgage. The first counterclaim became moot upon dismissal of the foreclosure. As the court dismissed the foreclosure on the note and mortgage, the defendants cannot establish that there is real controversy between Plaintiff and Defendants on the same note and mortgage that is of sufficient immediacy as required for a declaratory judgment. *R.A.S. Ent. Inv. v. Cleveland*, (1998), 130 Ohio App. 3d 125. The second count is to quiet title and to void both the mortgage assignment and the mortgage. The Ungers are not parties to the assignment of mortgage. They are also not parties to the Pooling and Servicing Agreement (PSA). They do not have the ability to assert the rights of the actual parties to a contract. *Bridge v. AAMES Capital Corp.* (2010) No. 1:09 CV 29473834059. The Ungers are strangers to these contracts and they lack the ability to raise the rights and defenses of the contracting parties in the mortgage assignment and the PSA. Even if the assignment of note and the assignment of mortgage were declared invalid, there is no reason to declare the underlying note and mortgage invalid and unenforceable. The third count alleges misrepresentations by SouthStar Financial who is not a party to this case. Also, the third count does not request any specific relief. * * *

{¶22} On the same day, the trial court also granted Mellon's motion to strike the attachments from the Ungers' motion for summary judgment. The court then denied the Ungers' motion for summary judgment based on their failure to provide sworn, authenticated or certified documents. The court also indicated even if they provided such

documents, the court would have denied the motion based on the same reasoning in support of granting Mellon's motion for summary judgment.

{¶23} The Ungers filed a timely notice of appeal,[3] and present three assignments of error:

**"I.    The court erred when it held that the owner and occupier of land may not challenge a cloud placed on their title.**

**"II.    The trial court erred when it struck the attachments to defendant's [sic] motion for summary judgment.**

**"III.    The trial court erred in granting plaintiff summary judgment when no evidence was presented in support of the motion for summary judgment as plaintiff has standing to challenge the cloud placed upon title.    Particulary [sic] a cloud placed on title by fraudulant [sic] assignment of mortgage."**

{¶24} In their first and third assignments of error, the Ungers challenge the validity of the mortgage assignments, and the court's alleged error in concluding they did not have standing to challenge the assignments.    They also assert they are in possession of real estate, and Mellon claims an "adverse interest" in this real estate through the mortgage assignments.    The Ungers argue they have a right to challenge "cloud" on title in a quiet

---

[3] The Ungers do not appeal the trial court's finding that their declaratory judgment action regarding the note and mortgage was moot due to the dismissal of the foreclosure complaint.

title action under R.C. 5303.01 even though they are not a party to the alleged fraudulent

mortgage assignments used to create the "cloud" on title.

{¶25} The Ungers presented the following "evidence" in support of their position

the mortgage assignments are invalid and a nullity:

1)   The Bank of New York filed a prior foreclosure action based on the Ungers' note and mortgage, but the trial court dismissed the complaint based on *Wells Fargo Bank N.A. v. Jordan*, 8th Dist. No. 91675, 2009-Ohio-1092.   The allonges included in the Bank of New York's foreclosure complaint are not the same as those included in Mellon's complaint.   The allonges were, therefore, altered between the filing of the two complaints.

2)   Leonard's signature on Allonge 1 was not her genuine signature.

3)   The allonges were never affixed to the note, and if they were, they were nevertheless altered, and operate as a discharge of the underlying obligation under R.C. 1303.50(B).

4)   The Ungers allege Hill is a robo-signer.[4] The assignment of mortgage that she signed is invalid because (a) Hill lacked any authority to execute the document on behalf of MERS, and (b) MERS's nominor, SouthStar, was in bankruptcy when she signed it. The note and mortgage remained the property of the trustee in bankruptcy until it/they abandoned the note and mortgage.

5)   The Ungers allege Stephan is a robo-signer.   The assignment of mortgage that he signed is invalid because (a) Stephan lacked any authority to execute the document, (b) it was not executed or acknowledged in the presence of a notary public, and (c) it was

---

[4] "Robo-signing" occurs when bank employees sign large numbers of affidavits and legal documents asserting the bank's right to foreclose without confirming their accuracy.  *See Ohio v. GMAC Mtge., L.L.C.*, 760 F.Supp.2d 741, 743 (N.D. Ohio 2011).

executed after the cut-off date set in the Pooling and Servicing Agreement ("PSA") for the RAMP 2004RS10 trust.[5]

**{¶26}** Appellate review of granting summary judgment is de novo. *Baiko v. Mays*, 140 Ohio App.3d 1, 10, 746 N.E.2d 618 (8th Dist.2000). Pursuant to Civ.R. 56(C), the party seeking summary judgment must provide that (1) there is no genuine issue of material fact; (2) they are entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

**{¶27}** In order to have standing to assert a claim in Ohio, the party must demonstrate an "injury in fact." *Wilmington City School Dist. Bd. of Ed. v. Bd. of Commrs. of Clinton Co.*, 141 Ohio App.3d 232, 238, 750 N.E.2d 1141 (12th Dist.2000), citing *Eng. Technicians Assn. v. Ohio Dept. of Transp.*, 72 Ohio App.3d 106, 110-111, 593 N.E.2d 472 (10th Dist.1991). "An injury in fact requires a showing that the party suffered or will suffer a specific injury, that the injury is traceable to the challenged action, and that it is likely that the injury will be redressed by a favorable decision." *Id*.

**{¶28}** In reaching the conclusion the Ungers lacked standing to challenge the mortgage assignments, the trial court relied on *Bridge v. AAMES Capital Corp.*, N.D.Ohio No. 1:09 CV 2947, 2010 U.S. Dist. Lexis 103154 (Sept. 28, 2010). The plaintiff in *Bridge* asserted two causes of action: (1) a cause of action for declaratory

---

[5] The Ungers did not provide the trial court with a copy of the PSA.

judgment pursuant to R.C. 2721.03 that the assignment of a mortgage note from Aames Capital Corporation ("Aames") to Deutsche Bank was "'insufficient as a matter of Ohio law to create a valid debt and security interest in the Property'"; and (2) a cause of action to quiet title in her name, and to "'declare the Mortgage and the assignment of the Mortgage to be void and unenforceable.'" *Bridge*, at 1.

{¶29} Plaintiff claimed Aames, the originating lender, defectively executed an assignment of the mortgage to Deutsche Bank. Deutsche Bank could not, therefore, foreclose on her property. *Id.*

{¶30} Deutsche Bank asserted the plaintiff lacked standing to challenge the assignment of the mortgage from Aames to Deutsche. Deutsche, filed a motion to dismiss based on lack of subject matter jurisdiction. *Id*. at 2.

{¶31} The court in *Bridge* considered the standing requirements from Article III of the Constitution as well as the "irreducible constitutional minimum" for standing. The court also considered "judicially self-imposed prudential limitations such as the 'general prohibition on a litigant's raising another person's legal rights.'" *Id*., citing *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984).

{¶32} Rather than rule on Deutsche's motion to dismiss for lack of subject matter jurisdiction, the court found and concluded:

> This court finds that neither Article III standing requirements nor the prudential limitations are called into question in this case. The standing referred to in this diversity action relates to whether Plaintiff has been granted authority under state law to raise the challenge she seeks to assert in

this case. The Defendant's Motion is more properly construed as a motion to dismiss for failure to state a claim.

*Id*. at 2.

{¶33} The court granted Deutsche Bank's motion to dismiss based upon Bridge lacking standing to challenge the assignment of mortgage:

> In the instant case, there is no dispute between Deutsche Bank and Aames as to whether the Mortgage was properly assigned. Ms. Bridge is the only party challenging the validity of the assignment. Deutsche Bank argues that Ms. Bridge, who is seeking to challenge the transfer of the Mortgage from Aames to Deutsche Bank, and ultimately to have the assignment set aside, lacks standing because she was not a party to this transfer nor were her contractual obligations under the Mortgage affected in any way. [Citation omitted.]

> * * *

> * * * Plaintiff is in default on her loan and subject to foreclosure proceedings by the holder of the mortgage note. [Citation omitted.] Whether that holder is Aames or Deutsche Bank makes no difference with respect to the obligations owed by Plaintiff under the mortgage contract. It is true, as Defendant points out and is perhaps the motivation behind Plaintiff's claim, that foreclosure proceedings may be forestalled if this court finds Aames to be in possession of the note as Aames is currently undergoing bankruptcy proceedings. [Citation omitted.] However, the mere fact that Deutsche Bank would proceed with foreclosure while Aames would not, is legally immaterial to Plaintiff's contractual obligations. See Livonia Properties Holdings, [*L.L.C. v. 12840-12976 Farmington Road Holdings, L.L.C.*, 717 F.Supp.2d 724 (E.D. Mich. 2010], No. 10-1159, sl. op. at 8 (holding that "borrower" certainly has an interest in avoiding foreclosure. But the validity of the assignments does not affect whether Borrower owes its obligations, but only to whom Borrower is obligated."); See also 6A C.J.S. Assignments § 132 ("[T]he only interest or right which an obligor of a claim has in the instrument of assignment is to insure him or herself that he or she will not have to pay the same claim twice.")

> As Defendant asserts, regardless of the outcome of this litigation, Plaintiff is still in default on her mortgage and subject to foreclosure. As a

consequence, Plaintiff has not suffered any injury as a result of the assignment between Aames and Deutsche Bank nor is there any likelihood that Plaintiff's requested relief will prevent her alleged injury. See *Aarti Hospitality, LLC v. City of Grove City, Ohio*, 486 F.Supp.2d 696, 699 (S.D.Ohio 2007) (noting that Ohio's standing requirement mandates "'distinct and palpable injury that is likely to be redressed if the requested relief is granted'") (quoting *Valley Forge* [*Christian Coll. v. Ams. United for Separation of Church & State, Inc*.] 454 U.S. [464] at 475)[, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982)].

\* \* \*

Given that Plaintiff was not a party to the assignment of the Mortgage between Aames and Deutsche Bank, neither of which dispute the validity of the assignment, and has not and will not suffer any new injury nor face any obligation different from what was owed when Aames held the note, Plaintiff does not have standing to assert her claim.  \* \* \*

*Id*. at 4-5.

{¶34} The plaintiff in *Bridge* attempted to frame the pending issue differently by saying she was not challenging the transfer of the note between Aames and Deutsch Bank; she was challenging the "'various transactions engaged in by Aames and Deutsche Bank.'"  *Id*. at 4.  The court found this to be a distinction without a difference. "Whether Plaintiff is challenging the 'transfer' of the Mortgage or challenging 'various transactions engaged in' related to the Mortgage, her role in the exchange between Aames and Deutsche Bank and how it affects her contractual obligations remains the same —uninvolved and unaffected."  *Id*. at 4.  The court, therefore, granted Deutsche Bank's motion to dismiss for Bridge's failure to state a claim.  *Id*. at 6.

{¶35} Here, the Ungers' circumstances are similar to those of the plaintiff in *Bridge*, and we find *Bridge* to be supportive authority. The mortgage assignments did not alter the Ungers' obligations under the note or mortgage. Mellon filed the foreclosure complaint based on the Ungers' default under the note and mortgage, not because of the mortgage assignments. The Ungers' default exposed them to foreclosure regardless of the party who actually proceeds with foreclosure. The Ungers, therefore, failed to show they suffered or will suffer any injury, the injury is traceable to the mortgage assignments, and it is likely a favorable decision will remedy the injury. The trial court properly granted Mellon's motion for summary judgment because the Ungers lacked standing to challenge the mortgage assignments. Civ.R. 56; *Wilmington City School Dist. Bd. of Edn.*; *see Chase Home Fin., L.L.C. v. Heft*, 3d Dist. Nos. 8-10-14 and 8-11-16, 2012-Ohio-876; *Noland v. Wells Fargo Bank N.A.* (*In re Williams*), 395 B.R. 33, 44 (Bankr.S.D.Ohio 2008).

{¶36} The Ungers alternatively argue they are entitled to quiet title under R.C. 5303.01 because they are in possession of real estate, and Mellon claims an "adverse interest" in the property. The Ungers claim Mellon and certain other parties engaged or failed to engage in various activities that nullified the mortgage assignments and the mortgage. They are seeking to set aside the mortgage assignments and mortgage as a result of these activities, but they are unable to do so under R.C. 5303.01.

{¶37} The mortgage assignments transferred the right to foreclose on the Ungers' property upon default of the note, from SouthStar, to Bank of New York, to Mellon. The Ungers voluntarily signed the mortgage, and agreed to a lien on their property as security for repayment of the note. The mortgage was properly recorded with the Cuyahoga County Recorder's Office. "A mortgage is * * * nothing more than a lien on the premises, the purpose of which is to put other lien holders on notice that there is a prior claim on the premises." R.C. 5301.233; *GMAC Mtge. Corp. v. McElroy*, 5th Dist. No. 2004-CA-00380, 2005-Ohio-2387, ¶ 16; R.C. 5301.01(B)(1)(b); *see Wells Fargo Bank v. Schwartz*, 8th Dist. No. 96641, 2012-Ohio-917. The mortgage is not a "cloud" on the Ungers' title, and neither are the mortgage assignments. The Ungers are not, therefore, entitled to "quiet title" against Mellon under R.C. 5303.01.

{¶38} The Ungers assert that by not providing them with the remedy they are seeking, they are exposed to multiple payments to multiple parties who may seek foreclosure on the note because they do not know the identity of the true note holder if, indeed, it is not SouthStar. Contrary to this assertion, they are not at risk of paying twice because a creditor must establish the right to the note based on possession and proper chain of assignment. *See Livonia Properties Holdings, LLC*. Furthermore, "if a maker makes a payment to a 'person entitled to enforce', the obligation is satisfied on a dollar for dollar basis, and the maker never has to pay that amount again." *Veal v. Am. Home Mtge. Serv., Inc.* (*In re Veal*) 450 B.R. 897, 911, n. 22 (9th Cir.BAP 2011). The

UCC and Ohio law interpreting the UCC require this result. *See In re Smoak*, 461 B.R. 510, (Bkrtcy.S.D.Ohio 2011).

{¶39} The Ungers' first and third assignments of error are overruled.

{¶40} In their second assignment of error, the Ungers submit the trial court erred in striking the attachments to their motion for summary judgment. They argue some of the attachments were admissible as public records under the hearsay rules, Evid.R. 803(8) and 803(14). The Ungers also argue deposition testimony offered under oath is "of the specific type of evidence that is to be considered by the court in ruling upon a Motion for Summary Judgment."

{¶41} Pursuant to Civ.R. 56(C), summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.

{¶42} Civ.R. 56(C) sets forth an inclusive list of the materials that may be considered in determining a motion for summary judgment. *See*, *e.g.*, *Spier v. Am. Univ. of the Caribbean*, 3 Ohio App.3d 28, 443 N.E.2d 1021 (1st Dist.1981). That evidence may include depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact.

**{¶43}** Civ.R. 56(C) specifically authorizes the use of a deposition transcript. Before it can be considered as legally acceptable evidence for summary judgment purposes: (1) the transcript must be filed with the court or otherwise authenticated; (2) the deponent must sign the deposition or waive signature; and (3) there must be court reporter certification. *See* Civ.R. 30(E) and (F).

**{¶44}** This court has previously recognized that:

> [u]nder Civ.R. 56(E), the proper procedure for introducing evidentiary matters not specifically authorized by Civ.R. 56(C) is to incorporate them by reference in a properly framed affidavit. *Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App.3d 220[, 515 N.E.2d 632 (8th Dist.]. "Documents submitted in opposition to a motion for summary judgment which are not sworn, certified, or authenticated by affidavit have no evidentiary value and may not be considered by the court in deciding whether a genuine issue of material fact remains for trial." *Green v. B.F. Goodrich Co.* (1993), 85 Ohio App.3d 223, 228[, 619 N.E.2d 497 (9th Dist.)]. *Lotarski v. Szczepanski*, 8th Dist. No. 68088, 1995 WL 753927 (Dec. 20, 1995).

**{¶45}** The Ungers attached the following documents to their motion for summary judgment: (1) an assignment of a deed of trust for an unrelated loan allegedly filed in North Carolina by SouthStar; (2) 4 allonges allegedly related to James Unger's note; (3) Hill's and Stephan's deposition transcripts; (4) the mortgage assignments; and (5) SouthStar's alleged bankruptcy petition. The documents listed in items (1), (2), (4), and (5) were not sworn, certified, or authenticated by affidavit.

**{¶46}** Hill's deposition was filed with the court on May 16, 2011. Neither this deposition transcript nor the transcript attached to the Ungers' motion for summary judgment have Hill's signature or waiver of signature. They also do not have court

reporter certification. Stephan's deposition was not filed with the court. While the deposition attached to the Ungers' motion for summary judgment included a copy of the deposition with court reporter certification, it does not have Stephan's signature or waiver of signature. Under these circumstances, the trial court was correct in not considering the depositions in ruling on the Ungers' motion for summary judgment. Civ.R. 30.

{¶47} Even assuming the depositions were properly before the trial court, the trial court's conclusion would have been the same based on the Ungers' lack of standing, and inability to maintain a quiet title action. *Wilmington City School Dist. Bd. of Edn.*; *Chase Home Fin., L.L.C.*

{¶48} The Ungers' reliance on Evid.R. 803(8) and 803(14) is misplaced as none of the documents fall within the definitions of these hearsay rules. Moreover, the Ungers still needed to have the documents sworn, certified, or authenticated by affidavit. *Biskupich*.

{¶49} Because the Ungers failed to properly submit the documents in accordance with Civ.R. 30 and 56(E), the exhibits were not properly before the court for consideration on summary judgment. The trial court did not, therefore, abuse its discretion in striking them.

{¶50} The Ungers' second assignment of error is overruled.

{¶51} The trial court's orders granting Mellon's motion for summary judgment and motion to strike, and denying the Ungers' motion for summary judgment, are affirmed.

It is ordered that appellee recover from appellants the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

JAMES J. SWEENEY, P.J., and
MARY EILEEN KILBANE, J., CONCUR