[Cite as *Macintosh Farms Community Assn., Inc. v. Baker*, 2015-Ohio-5263.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 102820

# MACINTOSH FARMS COMMUNITY ASSOCIATION, INC.

**PLAINTIFF-APPELLEE**

vs.

# MARIA BAKER, ET AL.

**DEFENDANTS-APPELLANTS**

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-11-766211

**BEFORE:** Stewart, P.J., Boyle, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 17, 2015

**FOR APPELLANTS**

Howard Baker, pro se
1100 Fireside Trail
Broadview Heights, OH 44147

Maria Baker, pro se
1100 Fireside Trail
Broadview Heights, OH 44147


**ATTORNEYS FOR APPELLEE**

**For Macintosh Farms Community Association, Inc.**

M. Katherine Bushey
Janice E. Zupon
Kaman & Cusimano, L.L.C.
50 Public Square, Suite 2000
Cleveland, OH 44113

Thomas M. Coughlin
Ritzler, Coughlin & Paglia, Ltd.
1000 IMG Center
1360 East Ninth Street
Cleveland, OH 44114

Ted A. Humbert
Law Offices of John D. Clunk Co., L.P.A.
4500 Courthouse Drive, Suite 400
Stow, OH 44224

**For Deutsche Bank National Trust**

John C. Allerding
Thompson Hine L.L.P.
3900 Key Center
127 Public Square
Cleveland, OH 44114

John B. Kopf
Thompson Hine L.L.P.
41 South High Street, Suite 1700
Columbus, OH 43215

MELODY J. STEWART, P.J.:

**{¶1}** Defendants-appellants Howard and Maria Baker appeal pro se from the trial court's decision adopting the recommendation of the magistrate in a foreclosure action. For the reasons that follow, we affirm.

**{¶2}** In October 2011, MacIntosh Farms Community Association, Inc. (a homeowner's association) filed a complaint seeking to foreclose on a homeowner's lien against the Bakers' Broadview Heights residence. In addition to the Bakers, the complaint named Deutsche Bank National Trust Company ("Deutsche Bank") as an interested party defendant because of a recorded mortgage it held on the property.[1] The Bakers answered the complaint and asserted a counterclaim against the association.

**{¶3}** On July 25, 2012, Deutsche Bank answered the association's complaint and asserted a cross-claim against the Bakers. The cross-claim alleged that Deutsche Bank National Trust Company, as Trustee for the Certificate holders of Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-MLN1, was the holder of a promissory note executed by the Bakers, upon which there was due the sum of $263,909.86 plus interest from January 1, 2008. The cross-claim further alleged that Deutsche Bank was the holder of a duly recorded mortgage deed on the Bakers' Broadview Heights home. The complaint stated that by reason of nonpayment of the note, Deutsche Bank had accelerated the unpaid balance of the debt that was

---

[1] The complaint also named Asset Acceptance L.L.C. and Capital One Bank as third-party defendants due to their potential interest in the property.

immediately due and owning. The bank asserted that it complied with all conditions precedent to default and acceleration. Attached to the complaint were copies of the executed promissory note endorsed in blank and the mortgage evidencing a chain of assignments that led to Deutsche Bank as the ultimate assignee.

{¶4} On September 24, 2013, the Bakers and MacIntosh Farms entered into a settlement agreement and voluntarily dismissed their respective lawsuits. On the same day, the Bakers filed their answer to Deutsche Bank's cross-claim and in the same document asserted a cross-claim against the bank alleging, among other things, that the bank was fraudulently claiming to hold the note and mortgage.

{¶5} On December 13, 2013, Deutsche Bank filed an amended complaint with leave of court. The amended complaint added third-party defendants, sought reformation of the deed to include the correct legal description of the Broadview Heights property, and sought a declaratory judgment as to any claims or rights the third-party defendants might have against, or to, the property. The Bakers answered the amended complaint on January 14, 2014. The bank moved for summary judgment on July 1, 2014. The Bakers filed their brief in opposition to the motion for summary judgment on September 10, 2014.

{¶6} The magistrate issued a decision on the summary judgment motion on December 18, 2014. In his decision, he found that there were no genuine issues of material fact and that reasonable minds can come to only one conclusion, which was that Deutsche Bank was entitled to summary judgment as a matter of law. The magistrate

laid out the summary judgment standard for foreclosure actions and then explained how each of the five elements of that standard had been met.

{¶7} The magistrate found that Deutsche Bank had standing to sue in foreclosure and that the motion for summary judgment included evidentiary support for each of the assertions. The magistrate found that the Bakers' opposition to the bank's motion for summary judgment challenging the assignments of the subject mortgage, challenging the affidavit of Raymond Burks (custodian of the records for the bank's servicing agent), and challenging the authenticity of the promissory note, did not raise any genuine issues of material fact because none of the arguments were supported by evidentiary quality testimony or materials. Over three weeks later, on January 13, 2015, the Bakers filed objections to the magistrate's decision. The trial court entered a final judgment adopting the magistrate's decision three days later on January 16, 2015.

{¶8} On appeal, the Bakers raise seven assignments of error. However, because the Bakers failed to timely object to the magistrate's decision, *see* Civ.R. 53(D)(3)(b)(i) (requiring parties to object to a magistrate's decision within 14 days of its filing), we can review the record only for plain error. *See* Civ.R. 53(D)(3)(b)(iv). Plain errors are errors in the judicial process that are clearly apparent on the face of the record and are prejudicial to the appellant. *Reichert v. Ingersoll*, 18 Ohio St.3d 220, 223, 480 N.E.2d 802 (1985). In civil cases, appellate courts may recognize plain error only in "extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have

a material adverse effect on the character of, and public confidence in, judicial proceedings." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997).

{¶9} In their first assignment of error, the Bakers contend that the trial court erred in granting summary judgment to Deutsche Bank because there existed a genuine issue of material fact as to whether the bank had standing to sue in foreclosure and was the proper party in interest at the time it filed the action. According to the Bakers, Deutsche Bank failed to demonstrate that it had standing to sue, and failed to show that it was the holder of the note and mortgage. We find no merit to this argument.

{¶10} In a foreclosure action, a party has standing when it has either the mortgage assigned to it, or it is the holder of the note that is secured by the mortgage. *Nationstar Mtge., L.L.C. v. Wagener*, 8th Dist. Cuyahoga No. 101280, 2015-Ohio-1289, citing *CitiMortgage, Inc. v. Patterson*, 2012-Ohio-5894, 984 N.E.2d 392, ¶ 21 (8th Dist.) (where plaintiff failed to establish an interest in the note or mortgage at the time it filed its foreclosure action, it had no standing to invoke the jurisdiction of the common pleas court).

{¶11} Here, Deutsche Bank attached to its amended cross-claim a copy of the promissory note that was endorsed in blank and a copy of the recorded assignments of the mortgage that established a chain of assignments eventually leading to the assignment of the mortgage to Deutsche Bank. As the possessor of an instrument endorsed in blank, Deutsche Bank was a holder entitled to enforce the note. *See* R.C. 1303.25; R.C. 1301.01(T)(1)(a).

**{¶12}** Deutsche Bank also attached the affidavit of Raymond Burks to reinforce its standing to file the foreclosure action. In his affidavit, Burks avers that he was an employee of Nationstar Mortgage, L.L.C., the loan serving agent for Deutsche Bank National Trust Company, as Trustee for the Certificate holders of Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-MLN1. Burks stated that in the regular performance of his job functions, he is familiar with the business records maintained by Nationstar Mortgage, L.L.C., for the purpose of servicing its mortgage loans. As custodian of the records, he further averred that the records are kept in the normal course of business, that the information contained in them was created at or near the time of the events described therein by a person with knowledge of the events, and that Nationstar Mortgage, L.L.C., often relies on the records in the normal course of conducting business. Burks then stated that Deutsche Bank was in possession of the promissory note and mortgage and that the copies attached to the cross-claim and motion for summary judgment were true and accurate copies of the original note and mortgage.

**{¶13}** Burks further averred that he had personal knowledge of the Bakers' loan accounts and that the Bakers' loan was in default in the amount of $263,909.86 plus interest from January 1, 2008. Burks stated that he has personally examined the business records in this case, including the Bakers' mortgage. The affidavit then walks through all of the mortgage assignments establishing how Deutsche Bank became the final assignee of the mortgage. Finally, Burks averred that he is able to testify as the

custodian of the records that the Notice of Intent to Accelerate, attached to the motion for summary judgment as exhibit H, is a true and accurate copy of the breach letter that was mailed to the Bakers on January 11, 2011. Thus, Deutsche Bank met its evidentiary burden of establishing a sufficient foundation for the admissibility of the relevant loan documents as business records under Evid.R. 803(6). *See Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 30.

**{¶14}** In their opposition to the bank's motion for summary judgment, the Bakers did not submit or refer to any evidence previously introduced that would rebut the authenticity of the copies of the note and mortgage, or the fact that Deutsche Bank was entitled to enforce the loan documents. Rather, the Bakers simply bare, unsupported allegations that the note and mortgage are void or were fraudulently obtained by Deutsche Bank.[2] Because the Bakers failed to raise a genuine issue of fact on the question of

---

[2] The Bakers did attach several documents to their brief in opposition to the motion for summary judgment. Attached as exhibit A is what appears to be an unauthenticated electronic copy of a U.S. Bank article entitled "The Role of the Corporate Trustee," exhibit B includes what appears to be an unauthenticated 2010 memo from Deutsche Bank to its investors (that acknowledges certain allegations regarding loan servicer foreclosure practices) and two unauthenticated memos from 2008 and 2010, respectively, from the bank to its loan servicers (that highlights and addresses issues that might arise in foreclosure practices and how those issues should be handled by the servicer), and, exhibit C a payment history of the Bakers' account that the Bakers maintain is "illegitimate" because it does not contain any explanation or key to the terms and abbreviations used. Exhibits A and B are not evidentiary quality material that would create a genuine issue of material fact. *See* Civ.R. 56(C); *see also Najar* at ¶ 34 (stating "'documents submitted in opposition to a motion for summary judgment which are not sworn, certified, or authenticated by affidavit have no evidentiary value and may not be considered by the court in deciding whether a genuine issue of material fact remains for trial.'" *Bank of N.Y. Mellon Trust Co., N.A. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, ¶ 44). Further, exhibit C is not enough to create a genuine issue of material fact in light of Raymond Burks's affidavit that states that he has personal knowledge based on his review

whether Deutsche Bank was entitled to enforce the note and mortgage, we overrule the assigned error.

{¶15} The Bakers next contend that the trial court erred in denying their request for "strict proof" that the note presented was the originally executed note, and not a computer generated document created solely for the purpose of the foreclosure action.

{¶16} The Bakers believe that because they asserted from the beginning of the action that the alleged note was falsely created, that the trial court had a heightened obligation to ensure that the note and mortgage were authentic copies and not copies generated solely for the purpose of the foreclosure action. It is also clear from their brief that the Bakers' belief that the note is not genuine comes from their own inspection of the note, and a general feeling of unease created by a newspaper article about a U.S. Department of Justice investigation into whether Deutsche Bank may have been filing false documents in an unrelated case.[3]

{¶17} The trial court had no obligation to require the plaintiffs to give "strict proof" that the note was an authentic copy of the original when Deutsche Bank met its burden of proving the authenticity of the document by attaching it to the complaint and including the affidavit of Raymond Burks that averred personal knowledge of the note's

of the records that the Bakers' loan has remained unpaid and is in default.

[3] At several times throughout the pendency of this case, the Bakers refer to alleged investigations into Deutsche Bank's foreclosure practices, the Bakers have not been able to show that the investigations uncovered anything criminal in the way the bank processes their foreclosures, nor have the Bakers been able to connect the investigations to this specific foreclosure action.

authenticity. Had the Bakers wished to formally challenge the authenticity of the note, they could have obtained an expert or other qualified person to inspect the note and give evidence contrary to the Bank's.[4] We therefore do not find plain error.

{¶18} The Bakers next contend that the trial court erred in denying their motion to strike the affidavit of Raymond Burks. Burks affidavit complied with the form requirements of Civ.R. 56(E) because it was made based on personal knowledge, sets forth facts that would be admissible in court, and shows that he is competent as the custodian of the business records to testify to the facts contained therein. Thus, we cannot conclude that the trial court's denial of the motion to strike was plain error.

{¶19} The fourth assignment of error asserts that the trial court erred in denying the Bakers' motion for an evidentiary hearing. We do not agree.

{¶20} Under Civ.R. 56(C), courts are not required to hold an evidentiary hearing prior to ruling on a motion for summary judgment. Rather, the court has discretion whether to grant oral hearings on the motion. *Gates Mills Invest. Co. v. Pepper Pike*, 59

---

[4] Although not reflected in the record, both Deutsche Bank and the Bakers agree in their briefs that the original note was produced at a hearing on August 7, 2014 (according to the docket, the only hearing that occurred on this date was a default hearing regarding third-party defendants who failed to appear to defend the suit — the appellants have not provided us with a transcript of this hearing or the evidence that was introduced). The magistrate's decision also states that the original note was produced at a hearing and when offered to the Bakers for inspection, the Bakers refused it. The Bakers contend that they only refused to touch the note because they did not want their fingerprints on it, but would have visually inspected it had the bank's counsel placed it on the table before them. Regardless of the Bakers' reasons for failing to inspect the note, it is clear that the trial court did inspect it and was satisfied with its authenticity.

Ohio App.2d 155, 164-165, 392 N.E.2d 1316 (8th Dist.1979). Given the court's discretion, we cannot find plain error in the court's refusal to grant a hearing in this case.

**{¶21}** The Bakers next contend that the trial court erred "in denying the Bakers' evidence supporting their assertion they can challenge the assignment of mortgage to establish the assignee's lack of title."

**{¶22}** In making its determination that the Bakers could not challenge the mortgage assignment, the trial court relied on *Unger,* 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950. This case stands for the proposition that a borrower lacks standing to challenge the assignment of a mortgage, because a borrower is not a party to the assignment. *Id.* "The basis for such a finding is that the assignment does not alter the [the borrowers] obligations under the note or mortgage." *U.S. Bank N.A. v. Kamal*, 7th Dist. Mahoning No. 12 MA 189, 2013-Ohio-5380, ¶ 26, citing *Unger* at ¶ 35.

**{¶23}** The Bakers argue that the rule of law outlined in *Unger* does not apply to them because they are not challenging the assignment based on any alleged breach of agreement between the parties, rather they are challenging Deutsche Bank's standing to sue by attempting to show that the bank fraudulently acquired the mortgage and was therefore not entitled to enforce the mortgage contract.

**{¶24}** Although the assignment of error is not clearly worded, the Bakers appear to be arguing that they provided sufficient evidence of fraud, forgery, or fabrication in connection with the assignments that there remained a genuine issue of material fact concerning Deutsche Bank's standing. In support of this argument, the Bakers contend

that it is evident from the face of the mortgage documents that the signatures on the assignments were forged. The Bakers also argue that the assignment was void due to a possible conflict of interest in which the representative for the assignor who executed the assignment may have also worked for the assignee.

{¶25} We cannot conclude that the trial court committed plain error when it denied the Bakers' challenge to the assignment of the mortgage. Even if we were to agree that this court's decision in *Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, does not apply to this case because the Bakers are challenging Deutsche Bank's standing to sue due to an alleged invalid assignment, we agree with the court that the Bakers failed to present sufficient evidence to create a genuine issue of material fact on this issue.

{¶26} Although the Bakers assert that it was evident from the face of the mortgage documents that the signatures purporting to assign the mortgage to Deutsche Bank were forged, apparently the magistrate and the trial judge who eventually adopted the magistrate's decision did not agree. The Bakers never brought in a handwriting expert or any other qualified person to contest the authenticity of the signatures. Further, although the Bakers contend that there may have been a conflict of interest in the assignment that rendered the assignment void, the Bakers failed to present sufficient evidence to support that belief.

{¶27} The record reveals that the only evidence the Bakers presented to the court were unauthenticated excerpts from a deposition of the Senior Vice President of Merscorp, William Hultman, who testified that MERS (the assignor in the present case)

has no employees. This deposition was not taken in connection with Bakers' case, but was taken for a completely different 2010 case. Therefore, we overrule this assignment of error.

{¶28} The sixth assignment of error asserts that the trial court erred by accepting as evidence any and all documents presented by Deutsche Bank, while refusing to accept the same documents as evidence when the Bakers referred to them. The Bakers also argue that the trial court erred in "deeming any and all documents submitted as evidence by the Bakers insufficient as evidence." We find no merit to this argument. The record reveals that much of the evidence the Bakers submitted was not self-authenticating or accompanied by an authenticating affidavit as required by Civ.R. 56(C). Furthermore, while the Bakers at times either referred to, or submitted, some of the same evidence as Deutsche Bank, (such as the payment history and the affidavit of Raymond Burks), the Bakers' reference to or introduction of this evidence was for the sole purpose of attacking its authenticity. At no point did the Bakers present expert testimony to attack the authenticity, and the Bakers' facial attacks on the evidence did not rise to the level of creating a genuine issue of material fact. Therefore, we do not find that the court committed plain error when it found the Bakers' evidence insufficient.

{¶29} Finally, the Bakers contend that the trial court erred when it relied on a single case when making its decision, while ignoring "numerous rulings that support the Bakers' pleadings." This sentence does not indicate to us which case the Bakers believe that the court erroneously relied on in its ruling, or the cases that would otherwise support

their pleadings. Our review of the record reveals that the court's decision cites to several different cases in support of its analysis. Therefore, without more, we summarily overrule this assignment of error.

**{¶30}** Judgment affirmed.

It is ordered that the appellee recover of said appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, PRESIDING JUDGE

MARY J. BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR