[Cite as *Deutsche Bank Natl. Trust Co. v. Najar*, 2013-Ohio-1657.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98502**

# DEUTSCHE BANK NATIONAL TRUST CO.

PLAINTIFF-APPELLEE

vs.

# MOHAMMED NAJAR, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-723607

**BEFORE:** Rocco, J., S. Gallagher, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** April 25, 2013

**ATTORNEY FOR APPELLANTS**

Darryl E. Pittman
Pittman, Alexander Attorneys Co., L.P.A.
2490 Lee Blvd., Suite 115
Cleveland Heights, Ohio 44118-1255

**ATTORNEYS FOR APPELLEE DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ARGENT SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2003-W3**

Kimberly Y. Smith Rivera
James W. Sandy
James S. Wertheim
McGlinchey Stafford P.L.L.C.
25550 Chagrin Blvd., Suite 406
Cleveland, Ohio 44122-4640

**ATTORNEYS FOR APPELLEE MANLEY DEAS KOCHALSKI L.L.C.**

David B. Bokor
Matthew P. Curry
Edward M. Kochalski
Matthew J. Richardson
Justin M. Ritch
Manley Deas Kochalski L.L.C.
P.O. Box 165028
Columbus, Ohio 43216-5028

KENNETH A. ROCCO, J.:

{¶1} In this foreclosure action, defendants-appellants Mohammed Najar, Ahmad Zoqash, and Rehab Zoqash appeal from the decision of the trial court granting summary judgment in favor of plaintiff-appellee Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-W3, under the pooling and servicing agreement dated September 1, 2003 ("Deutsche Bank"), on its complaint and appellants' counterclaims for alleged violations of the Ohio Consumer Sales Practices Act ("CSPA") and Ohio's falsification statute. Appellants also appeal the trial court's entry of summary judgment in favor of cross-claim defendant-appellee Manley Deas Kochalski L.L.C. ("MDK") on appellants' cross-claims for alleged violations of CSPA and the Fair Debt Collection Practices Act ("FDCPA").

{¶2} Raising five assignments of error, appellants argue that the trial court erred in granting Deutsche Bank's and MDK's motions for summary judgment because the affidavits and other evidentiary materials submitted by Deutsche Bank and MDK in support of their motions "do not carry their summary judgment burden." Appellants further contend that the note at issue was nonnegotiable and that the trial court erred in entering summary judgment on Deutsche Bank's complaint because Deutsche Bank failed to establish its right to enforce the note and mortgage under the provisions of the Ohio Uniform Commercial Code ("UCC") applicable to nonnegotiable instruments. Appellants also argue that Deutsche Bank lacked standing to enforce the note and

mortgage because: (1) Deutsche Bank failed to establish that it was the "owner" or holder of the note when the foreclosure complaint was filed; (2) Deutsche Bank could not establish its ownership of the note and mortgage due to its alleged noncompliance with a pooling and servicing agreement applicable to appellants' loan; and (3) the assignment of the mortgage to Deutsche Bank was "robo-signed." For the following reasons, we affirm the trial court's judgment.

{¶3} On July 8, 2003, Najar and Ahmad Zoqash (the "borrowers") executed an adjustable rate note, payable to Argent Mortgage Company, L.L.C. ("Argent"), in the amount of $171,950. To secure payment of the note, Najar, Ahmad Zoqash, and Ahmad's wife, Rehab Zoqash, executed a mortgage on real property located at 6593 Sutton Drive, North Olmsted, Ohio, in favor of Argent. The mortgage was recorded on July 16, 2003.[1]

{¶4} Appellants' loan was thereafter securitized with other loans into a trust, pursuant to a pooling and servicing agreement ("PSA").[2] Deutsche Bank is the trustee

---

[1] The note and mortgage at issue are hereinafter collectively referred to as "appellants' loan."

[2] A pooling and servicing agreement is "an agreement creating a trust that defines the terms under which promissory notes and their related mortgages are placed into the trust, describes how the notes and mortgages and related loan documents are transferred by and between the parties to the trust, and sets forth the various responsibilities of the parties to the trust. The promissory notes, mortgages or deeds of trust, and related loan documents are the trust res. Through the securitization process, the beneficial or ownership interests in the trust are held by investors." *In re Smoak*, 461 B.R. 510, 515 (Bankr.S.D.Ohio 2011). The PSA "represents contractual obligations" among the parties to the agreement, i.e., in this case, Argent Securities Inc. as depositor, Ameriquest Mortgage Company as master servicer, and Deutsche Bank as trustee. *Id.* at 516.

for the trust that includes appellants' loan.

{¶5} After the borrowers executed the note, Argent transferred the note to Ameriquest Mortgage Company ("Ameriquest"), using a special endorsement. Ameriquest thereafter endorsed the note in blank, and the note was transferred to Deutsche Bank. There is no information in the record as to precisely when these endorsements were made; however, Deutsche Bank claims to have been in possession of the note endorsed in blank since September 2003.

{¶6} On January 20, 2009, Citi Residential Lending Inc., as attorney-in-fact for Argent, assigned the mortgage "together with the certain note(s) described therein" to Deutsche Bank. The assignment of mortgage was recorded on February 18, 2009.

{¶7} The borrowers failed to make payments due on the note, and on April 8, 2010, Deutsche Bank filed a foreclosure action against appellants, seeking to recover the unpaid balance on the note and to foreclose on the mortgaged property. In its complaint, Deutsche Bank alleged that it was the holder of the note and mortgage, that the note was in default, and that the default had not been cured. Copies of the unendorsed note and mortgage, which the borrowers had executed in favor of Argent, were attached to the complaint. Also attached to the complaint was a copy of the assignment of mortgage from Argent to Deutsche Bank. A copy of the note endorsed in blank was not attached to the complaint.

{¶8} Appellants failed to timely respond to the complaint, and a default

judgment was originally entered against them. However, that judgment was subsequently vacated under Civ.R. 60(B).

{¶9} On February 15, 2011, appellants filed an "Amended Answer, Affirmative Defenses Counterclaims and Third Party Complaint," in which they denied the material allegations of the complaint, raised various affirmative defenses, and asserted counterclaims against Deutsche Bank and cross-claims against MDK, the law firm that had filed the foreclosure action on behalf of Deutsche Bank. With respect to their claims against Deutsche Bank and MDK, appellants alleged that the foreclosure action had been filed using false documentation. Specifically, appellants alleged that Deutsche Bank did not "own" the note and mortgage, that the assignment of mortgage from Argent to Deutsche Bank was fraudulent, having been "signed by notorious robo-signers,"[3] and that Deutsche Bank and MDK had filed a copy of the fraudulent assignment with the county recorder. Appellants further alleged that by attaching a copy of the assignment to the complaint, MDK "swore to [the] authenticity" of the assignment, thereby "perpetrating a fraud on the Court." Based on these allegations, appellants asserted claims against MDK for alleged violations of the FDCPA, 15 U.S.C. 1692 et seq., and against Deutsche Bank and MDK for alleged violations of CSPA, R.C. 1345.01 et seq., and Ohio's falsification statute, R.C. 2921.13. On May 19, 2011, the trial court granted MDK's motion to

---

[3] "Robo-signing" occurs "when bank employees sign large numbers of affidavits and legal documents asserting the bank's right to foreclose without confirming their accuracy." *Bank of N.Y. Mellon Trust Co., N.A. v. Unger*, 8th Dist. No. 97315, 2012-Ohio-1950, ¶ 25, fn. 4, citing *Ohio v. GMAC Mtge., L.L.C.*, 760 F.Supp.2d 741, 743 (N.D.Ohio 2011).

dismiss appellants' claim against MDK for alleged violations of Ohio's falsification statute.

{¶10} Deutsche Bank thereafter filed two motions for summary judgment — one as to its complaint and one as to appellants' counterclaims. In its motion for summary judgment on its complaint, Deutsche Bank argued that appellants were in default and that based on its possession of the note endorsed in blank and the assignment of the mortgage from Argent to Deutsche Bank, it was entitled to judgment on the note and to foreclose on the mortgage. In its motion for summary judgment on appellants' counterclaims, Deutsche Bank argued that because it was a national bank organized and existing pursuant to the National Bank Act, it was not a "supplier" under CSPA, and that, therefore, there was no "consumer transaction" within the meaning of the statute. Deutsche Bank also argued that appellants' falsification claim failed because there is no independent civil action for falsification under Ohio law absent criminal proceedings.

{¶11} MDK filed a motion for summary judgment on appellants' cross-claims in which it argued that appellants lacked standing to challenge the assignment of mortgage and could not establish essential elements of their FDCPA and CSPA claims against MDK, including that MDK committed any prohibited acts with the meaning of the statutes or that appellants had detrimentally relied upon, or were injured by, the alleged fraudulent assignment. Appellants opposed Deutsche Bank's and MDK's motions for summary judgment.

{¶12} Determining that there were no genuine issues of material fact and that

Deutsche Bank was entitled to judgment as a matter of law, the trial court granted summary judgment in favor of Deutsche Bank on its complaint, entering judgment against Najar and Ahmad Zoqash in the amount of $218,879.27, and ordering foreclosure of the mortgaged property. The trial court also granted Deutsche Bank's and MDK's motions for summary judgment on appellants' counterclaims and cross-claims. Appellants appeal from the trial court's order granting Deutsche Bank's and MDK's motions for summary judgment. **{¶13}** Appellants present five assignments of error for our review:

ASSIGNMENT OF ERROR NO. 1:

The trial court erred when it granted summary judgment to plaintiff where there were unresolved conflicts in the evidence regarding whether plaintiff was a holder of the note entitled to enforce it through foreclosure * * *.

ASSIGNMENT OF ERROR NO. 2:

The trial court erred by finding that plaintiff could enforce defendants' mortgage because the note is nonnegotiable and the evidentiary standards under Revised Code § 1309.01 et [seq.] (UCC Article 9) as opposed to those set forth in Revised Code § 1303.01 et seq., were not met inasmuch as plaintiff failed to comply with the UCC Article 9 provisions that govern the transfer of nonnegotiable instruments and the enforceability of mortgages securing those instruments.

ASSIGNMENT OF ERROR NO. 3:

The court erred when it found defendant MDK did not violate the Fair Debt Collection Practices Act by filing fraudulent documents with their foreclosure filings and making false and misleading representations in the attempt to collect this debt; and supported its motion for summary judgment with evidence cognizable under Civ.R. 56(E).

ASSIGNMENT OF ERROR NO. 4:

The court erred when it found that MDK was not liable under the Ohio Consumer Sales Practices Act because it committed unfair, unconscionable and deceptive Acts in connection with this consumer transaction.

ASSIGNMENT OF ERROR NO. 5:

The court erred when it found that plaintiff established that it is a national bank exempt under the Consumer Sales Practices Act; and erred when it found that plaintiff as a matter of law was not a supplier under the Consumer Sales Practices Act.

{¶14} We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

{¶15} Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party.

{¶16} On a motion for summary judgment, the moving party carries an initial burden of setting forth specific facts that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact. *Id.* at 293.

**{¶17}** To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present "evidentiary quality materials" establishing: (1) that the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due. *See, e.g., United States Bank, N.A. v. Adams*, 6th Dist. No. E-11-070, 2012-Ohio-6253, ¶ 10, citing *Wachovia Bank v. Jackson*, 5th Dist. No. 2010 CA 00291, 2011-Ohio-3203, ¶ 40-45.

### Deutsche Bank's Motion for Summary Judgment on Its Complaint

### Evidentiary Materials Submitted by Deutsche Bank in Support of Its Motion for Summary Judgment

**{¶18}** In their first assignment of error, appellants argue that the trial court erred in granting Deutsche Bank's motion for summary judgment on its complaint because Deutsche Bank failed to present sufficient evidence establishing its right to enforce the note and mortgage at issue. Specifically, appellants contend that the affidavit Deutsche Bank relied upon in support of its motion for summary judgment was "based on hearsay, unsupported legal conclusions, and records for which no proper foundation for admission was established," did not constitute competent summary judgment evidence under Civ.R. 56(E), and was "insufficient to carry [Deutsche Bank's] summary judgment burden."[4]

---

[4]As part of the argument in their first assignment of error, appellants also challenge MDK's use of the affidavit of David Merrill to support its motion for summary judgment on appellants' cross-claims. Although Deutsche Bank submitted the Merrill affidavit in support of its motion for summary judgment on

**{¶19}** Civ.R. 56(E) sets forth the requirements for affidavits submitted on summary judgment. It provides, in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits.

**{¶20}** "Unless controverted by other evidence, a specific averment that an affidavit pertaining to business is made upon personal knowledge of the affiant satisfies the Civ.R. 56(E) requirement that affidavits both in support or in opposition to motions for summary judgment show that the affiant is competent to testify to the matters stated." *Bank One, N.A. v. Swartz*, 9th Dist. No. 03CA008308, 2004-Ohio-1986, ¶ 14, citing *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 423 N.E.2d 105 (1981), paragraph two of the syllabus. Where an affiant avers that he or she has personal knowledge of a transaction "this fact cannot be disputed absent evidence to the contrary." *Household Realty Corp. v. Henes*, 8th Dist. No. 89516, 2007-Ohio-5846, ¶ 12, citing *Papdelis v. First Am. Sav. Bank*, 112 Ohio App.3d 576, 579, 679 N.E.2d 356 (8th Dist.1996). Similarly,

---

appellants' counterclaims, in this appeal, appellants challenge the Merrill affidavit only to the extent MDK used the Merrill affidavit "to carry its summary judgment burden." Because appellants' arguments with respect to the Merrill affidavit involve the evidentiary basis for MDK's motion for summary judgment, we believe it is more appropriate to address those arguments in connection with appellants' third and fourth assignments of error (which involve MDK's motion for summary judgment), rather than appellants' first assignment of error (which involves Deutsche Bank's motion for summary judgment on its complaint).

verification of documents attached to an affidavit supporting or opposing a motion for summary judgment is generally satisfied by an appropriate averment in the affidavit itself, for example, that "such copies are true copies and reproductions." *Seminatore* at paragraph three of the syllabus.

{¶21} In support of its motion for summary judgment on its complaint, Deutsche Bank submitted the affidavit of Roger Kistler, vice president of American Home Mortgage Servicing Incorporated ("AHMSI"), Deutsche Bank's mortgage loan servicer since February 2009. Deutsche Bank also submitted copies of the unendorsed note, the note endorsed in blank, the mortgage, the assignment of mortgage from Argent to Deutsche Bank, selected pages from the PSA, a payoff statement for appellants' loan, and various notices of acceleration and default for the loan, all of which were attached to Kistler's affidavit.

{¶22} In his affidavit, Kistler attested that he has been employed by AHMSI for six years, that his job duties include personally reviewing AHMSI's business records, including the records relating to the loan at issue, and that his affidavit is based on his personal knowledge and his review of AHMSI's records relating to appellants' loan. In addition, he attested that Deutsche Bank obtained possession of the note endorsed in blank on September 1, 2003, that "[s]ince the date of the transfer, Deutsche Bank has been, and still is, the holder of the Note," and that an assignment of mortgage from Argent to Deutsche Bank was recorded on February 18, 2009. His affidavit further states that the borrowers failed to make required payments due on the note and have

defaulted on the loan, that a notice of default was provided to appellants, that the default has not been cured, that the balance due on the note was accelerated, and that $218,879.27 is the balance due on the loan. Kistler also stated that the copies of the documents attached to his affidavit are "true and correct copies" of the originals.

{¶23} Ohio's version of the UCC governs who may enforce a negotiable note. Article 3 of the UCC governs the creation, transfer, and enforceability of negotiable instruments, including promissory notes secured by mortgages on real estate. *Mohammad v. Awadallah*, 8th Dist. No. 97590, 2012-Ohio-3455, ¶ 15, citing *Fed. Land Bank of Louisville v. Taggart*, 31 Ohio St.3d 8, 10, 508 N.E.2d 152 (1987).

{¶24} Under R.C. 1303.31(A), the "holder" of a negotiable instrument is a "[p]erson entitled to enforce" the instrument. A "holder" includes a person who is in possession of an instrument payable to bearer. R.C. 1301.01(T)(1)(a).[5] When an instrument is endorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially endorsed. R.C. 1303.25(B). By virtue of its possession of the note endorsed in blank and the assignment of mortgage from Argent, Deutsche Bank argued that it was the holder of the note and mortgage, entitled to enforce the note and mortgage, due to the borrowers' default.

{¶25} The evidentiary materials submitted by Deutsche Bank established: that

---

[5]R.C. 1301.01 was repealed by 2011 Am.H.B. No. 9 and renumbered R.C. 1301.201. Because R.C. 1301.201 only applies to transactions entered on or after June 29, 2011, we apply former R.C. 1301.01 to this appeal.

Deutsche Bank was the current holder of the note and mortgage, the chain of assignments and transfers of the note and mortgage, the borrowers' default, that the conditions precedent to foreclosure set forth in the note and mortgage had been satisfied, and the balance owed on the loan. Kistler's affidavit and accompanying documents were, therefore, sufficient to meet Deutsche Bank's initial burden under Civ.R. 56(C) of establishing the absence of any genuine issues of material fact and Deutsche Bank's entitlement to judgment as matter of law on the claims asserted in its complaint. *See, e.g., United States Bank Natl. Assn. v. Mitchell*, 6th Dist. No. S-10-043, 2012-Ohio-3732.

**{¶26}** Once a plaintiff has met its burden of establishing that there is no genuine issue of material fact for trial, a defendant may not rest upon mere allegations or denials in the pleadings but must present evidence of specific facts demonstrating a genuine issue of material fact for trial. Accordingly, the burden then shifted to appellants to demonstrate a triable issue of fact.

**{¶27}** Appellants argue that Kistler's affidavit was insufficient to meet Deutsche Bank's burden on summary judgment because he is an employee of AHMSI, Deutsche Bank's mortgage servicer, rather than an employee of Deutsche Bank. However, this court and many others have upheld judgments in foreclosure actions based on testimony from mortgage servicers. *See, e.g., United States Bank Natl. Assn. v. Turner,* 8th Dist. No. 97935, 2012-Ohio-4592 ¶ 5, 13-14; *Deutsche Bank Natl. Trust Co. v. Gardner*, 8th Dist. No. 92916, 2010-Ohio-663, ¶ 10 (servicer of borrower's loan competent to testify

regarding the content of documents in borrower's loan file with which he was personally familiar); *Deutsche Bank Natl. Trust Co. v. Ingle*, 8th Dist. No. 92487, 2009-Ohio-3886, ¶ 9, 18 (affidavit of bank's loan servicing agent, along with other supporting documents, sufficient to show bank was the real party in interest); *New York v. Dobbs*, 5th Dist. No. 2009-CA-000002, 2009-Ohio-4742, ¶ 40 ("even though * * * not employed by" appellee, affidavit of loan servicing agent was sufficient to authenticate documents).

**{¶28}** Appellants also claim that Kistler's affidavit should be disregarded because Kistler did not attach a copy of the power of attorney to his affidavit establishing that AHMSI was Deutsche Bank's attorney-in-fact "as is required by Rule 56(E)." However, there is no requirement that a mortgage servicer produce a power of attorney in order for an affidavit of its representative to be properly considered on summary judgment where, as here, appellants have not come forward with any evidence challenging that fact. Further, even if production of a power of attorney were required, an authenticated copy of the power of attorney is in the record. After obtaining leave of court, Deutsche Bank submitted a copy of the limited power of attorney granting AHMSI the power to act on behalf of Deutsche Bank with its reply in support of its motion for summary judgment on appellants' counterclaims.

**{¶29}** Appellants also take issue with Kistler's statements in his affidavit regarding his review of "AHMSI's business records," claiming that he "fails to acknowledge in his affidavit that he has not reviewed the actual record but imaged copies of those records," and that his affidavit failed to establish "an adequate foundation" for the admissibility of

appellants' loan documents as business records. As such, appellants argue, his affidavit contains "inadmissible hearsay" and "does not satisfy the business records exception."

**{¶30}** For a document to be admitted as a business record, it must first be properly identified and authenticated "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Evid.R. 901(A). "This low threshold standard does not require conclusive proof of authenticity, but only sufficient foundational evidence for the trier of fact to conclude that the document is what its proponent claims it to be." *State v. Easter*, 75 Ohio App.3d 22, 25, 598 N.E.2d 845 (4th Dist.1991). In addition, to be admissible as a business record:

> (1) the record must be one regularly recorded in regularly conducted activity; (2) it must have been entered by a person with knowledge of the act, event or condition; (3) it must have been recorded at or near the time the transaction; and (4) a foundation must be laid by the custodian of record or some other qualified witness. *Jackson*, 2011-Ohio-3203 at ¶ 35.

**{¶31}** If as appellants contend, Kistler had viewed only imaged copies of the documents he claimed to authenticate in his affidavit, there could be an issue of fact as to whether the documents were authentic. *See, e.g.*, *HSBC Mtge. Servs., Inc. v. Edmon*, 6th Dist. No. E-11-046, 2012-Ohio-4990, ¶ 19, 23-24 (trial court erred in granting summary judgment to bank in foreclosure action where borrower demonstrated triable issue of fact as to authenticity of promissory note by offering testimony showing that loan servicing officer did not review original promissory note prior to swearing in her affidavit

that copy of note attached to complaint was a true and accurate copy of original and that she was unfamiliar with the processes of the office where the original documents were maintained). Such contentions must, however, be supported by proper summary judgment evidence.

{¶32} In support of their claims that Kistler viewed only imaged copies of the documents at issue, appellants refer generally to Kistler's "deposition testimony." Appellants contend that "[Kistler] testified in his deposition that the image system is a big black box and he has no personal knowledge of who prepared the records that were imaged, who verified the accuracy of those records or how they were handled when they were imaged." Appellants, however, do not identify where in his deposition this testimony allegedly appears. "[I]t is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error." *Rodriguez v. Rodriguez*, 8th Dist. No. 91412, 2009-Ohio-3456, ¶ 7.

{¶33} With their opposition to Deutsche Bank's motion for summary judgment on its complaint, appellants submitted three disks, containing copies of what is described as Kistler's "video testimony." The video files contained on the disk are difficult to access. An additional program, not included on the disks, is required to view the "video testimony." There are interruptions in the testimony from one video file to the next, and it is virtually impossible to tell from the disks alone whether the interruptions in the testimony are due to breaks that were taken during the deposition or the result of difficulties in accessing the video files, raising questions regarding the accuracy and

completeness of the testimony as it is reviewed on the disks. No written transcript of Kistler's deposition was filed, and no certified copy of the video deposition appears in the record.

**{¶34}** Civ.R. 56(C) places strict limitations upon the type of documentary evidence that a party may use in supporting or opposing a motion for summary judgment. Under Civ.R. 56(C), the materials that may be considered on a motion for summary judgment include depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact. Other types of documents may be introduced as evidentiary material only through incorporation by reference in a properly framed affidavit. *Dzambasow v. Abakumov*, 8th Dist. No. 80621, 2005-Ohio-6719, ¶ 26, citing *Lance Acceptance Corp. v. Claudio*, 9th Dist. No. 02CA008201, 2003-Ohio-3503. "'Documents submitted in opposition to a motion for summary judgment which are not sworn, certified, or authenticated by affidavit have no evidentiary value and may not be considered by the court in deciding whether a genuine issue of material fact remains for trial.'" *Unger*, 2012-Ohio-1950 at ¶ 44, quoting *Lotarski v. Szczepanski*, 8th Dist. No. 68088, 1995 Ohio App. LEXIS 5591, *9-10 (Dec. 20, 1995); *Green v. B.F. Goodrich Co.*, 85 Ohio App.3d 223, 228, 619 N.E.2d 497 (9th Dist.1993).

**{¶35}** Civ.R. 56(C) specifically authorizes the use of depositions in supporting or opposing a motion for summary judgment. However, before a deposition can be considered as "legally acceptable evidence for summary judgment purposes": (1) the

deposition must be filed with the court or otherwise authenticated; (2) the deponent must sign the deposition or waive signature; and (3) there must be a certification by the officer before whom the deposition is taken. *Unger*, 2012-Ohio-1950 at ¶ 43. These requirements apply equally to deposition transcripts and videotaped deposition testimony. Civ.R. 30; *see also* Sup.R. 13(A)(8) (setting forth certification requirements for videotaped depositions).

{¶36} These requirements were not met in this case. Accordingly, Kistler's video deposition testimony was not in the form required for consideration on summary judgment.

{¶37} However, since Deutsche Bank did not object to the improperly introduced video testimony, it could be considered in ruling on Deutsche Bank's motion for summary judgment within the court's discretion. *See, e.g., Dzambasow*, 2005-Ohio-6719 at ¶ 27 ("'[I]f the opposing party fails to object to improperly introduced evidentiary materials, the trial court may, in its sound discretion, consider those materials in ruling on the summary judgment motion.'"), quoting *Christe v. GMS Mgt. Co., Inc.*, 124 Ohio App.3d 84, 90, 705 N.E.2d 691 (9th Dist.1997); *Papdelis*, 112 Ohio App.3d at 579, 679 N.E.2d 356 ("'When ruling on a motion for summary judgment, a trial court may consider documents other than those specified in Civ.R. 56(C) in support of the motion when no objection is raised by the party against whom the motion is directed.'"), quoting *Rodger v. McDonald's Restaurants of Ohio, Inc.*, 8 Ohio App.3d 256, 456 N.E.2d 1262 (8th Dist.1982), paragraph one of the syllabus. Due to appellants' failure to identify

specifically where in the video deposition the particular testimony on which they rely appears and due to our concerns regarding the accuracy and completeness of the video testimony based on the lack of certification and the difficulties in accessing and reviewing the video files, we decline to do so in this case.[6]

{¶38} Accordingly, we find that Kistler's affidavit sufficiently authenticated the loan documents submitted in support of Deutsche Bank's motion for summary judgment.

{¶39} We, likewise, find that Kistler's affidavit provided a sufficient foundation for the admissibility of the relevant loan documents as business records under Evid.R. 803(6). Kistler testified in his affidavit that his duties included accessing and reviewing the records relating to appellants' loan, that the records were made at or near the time by,

---

[6]Even if we were to consider the video testimony offered by appellants, we do not believe, based on the portions of the video testimony we have been able to review, that Kistler's deposition testimony creates a genuine issue of material fact as to whether Deutsche Bank was entitled to summary judgment on its complaint. Although Kistler testified in his deposition that he had viewed imaged copies of the documents referenced in his affidavit, he also testified that the original collateral file had been ordered and provided to Deutsche Bank's counsel and that he had personally reviewed a "wet copy" of the endorsed note. Further, unlike the affiant in *Edmon, supra,* Kistler was not unfamiliar with the processes and procedures by which original documents were scanned, and thereafter forwarded to, maintained by, and retrieved from the record custodian, Deutsche Bank. He testified regarding his knowledge of these processes and procedures during his deposition. *Cf. Deutsche Bank Natl. Trust Co. v. Hansen,* 5th Dist. No. 2010 CA 00001, 2011-Ohio-1223 (affidavit in support of summary judgment in a foreclosure case satisfied Civ.R. 56(E) where affiant's later deposition testimony demonstrated that, based on the affiant's knowledge of the business practices of the organization, affiant had personal knowledge that the copy affiant received was a true and accurate copy regardless of the fact that affiant did not personally see the original promissory note, make the copy, or watch the copy being made).

or from information transmitted by, a person with knowledge, that the records were made and kept in the ordinary course of AHMSI's regularly conducted business activity, and that he had personally reviewed them. This satisfies Evid.R. 803(6). "'A witness providing the foundation [for a recorded business activity] need not have firsthand knowledge of the transaction.'" *U.S. Bank N.A. v. Wilkens*, 8th Dist. No. 96617, 2012-Ohio-1038, ¶ 46, quoting *Moore v. Vandemark Co., Inc.*, 12th Dist. No. CA2003-07-063, 2004-Ohio-4313, ¶ 18. Appellants have not presented any evidence of specific facts challenging Kistler's testimony regarding this issue.

{¶40} Appellants also contend that Kistler's affidavit fails to adequately establish the amount due on the loan and that Deutsche Bank's motion for summary judgment should have been denied based on Deutsche Bank's failure to provide a "payment history." In his affidavit, Kistler testified as to the amount due on the note, based upon his review of the relevant business records relating to appellants' loan. He attached a copy of one of those documents, a payoff statement for the loan, to his affidavit. There is no requirement that a plaintiff provide a complete "payment history" in order to establish its entitlement to summary judgment in a foreclosure action. Kistler's affidavit and supporting documents were sufficient to meet Deutsche Bank's burden of establishing the amount due on the note. *See, e.g., Cent. Mtge. Co. v. Elia*, 9th Dist. No. 25505, 2011-Ohio-3188, ¶ 7 ("'An affidavit stating [a] loan is in default, is sufficient for purposes of Civ.R. 56, in the absence of evidence controverting those averments.'"), quoting *Swartz*, 2004-Ohio-1986 at ¶14.

### The Affidavit of Rehab Zoqash

**{¶41}** The only evidence appellants offered to contradict the balance due on the note was the conclusory affidavit of Rehab Zoqash. In her affidavit, Rehab Zoqash asserted that the payoff statement attached to Kistler's affidavit is "not a record of my payment history" and does not "accurately reflect the amount I owe on this account." She also disputed Kistler's assertion in his affidavit that the last payment on the loan was made in October 2009 and claimed to have "remitted at least 4 payments to AHMSI after October of 2009" for which she has receipts. She further stated that she does "not recall having received the notices of acceleration and default attached to the Kistler affidavit." Rehab Zoqash did not, however, dispute that the borrowers were in default under the note.

**{¶42}** An affidavit submitted on summary judgment must contain more than denials and conclusory assertions to create a genuine issue of material fact:

> "Generally, a party's unsupported and self-serving assertions, offered by way of affidavit, standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact. Otherwise, a party could avoid summary judgment under all circumstances solely by simply submitting such a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party."
>
> *Davis v. Cleveland*, 8th Dist. No. 83665, 2004-Ohio-6621, ¶ 23, quoting *Bell v. Beightler*, 10th Dist. No. 02AP-569, 2003-Ohio-88, ¶ 33.

**{¶43}** Rehab Zoqash was not one of the borrowers and, therefore, was not personally liable on the note. Accordingly, her contention that Kistler's affidavit does not "accurately reflect the amount I owe on the account" is of little relevance. Further, although Rehab Zoqash claimed, in her affidavit, to have receipts documenting additional payments, those receipts do not appear in the record. Nor did she identify what additional payments she contends were made, when they were made, in what amounts, or what amount appellants contend is actually due on the loan. Her conclusory statement that the balance Deutsche Bank claimed was due was incorrect was unsupported by any facts or evidence. Zoqash's affidavit, therefore, does not demonstrate the existence of a genuine issue of fact as to the amount due on the note. Accordingly, appellants' first assignment of error is overruled.

### Negotiability of the Note and Deutsche Bank's Standing to Enforce the Note and Mortgage

**{¶44}** In their second assignment of error, appellants contend that the trial court erred in granting Deutsche Bank's motion for summary judgment on its complaint because (1) Deutsche Bank failed to establish that the note was negotiable and did not comply with UCC provisions governing "the transfer of nonnegotiable instruments and the enforceability of mortgages securing those instruments" and (2) Deutsche Bank otherwise lacked standing to enforce the note and mortgage. We disagree.

### Negotiability of the Note

**{¶45}** R.C. 1303.03 sets forth the requirements for a "negotiable instrument." R.C. 1303.03(A) provides in relevant part:

"negotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it meets all of the following requirements:

(1) It is payable to bearer or to order at the time it is issued or first comes into possession of a holder.

(2) It is payable on demand or at a definite time.

(3) It does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain any of the following:

(a) An undertaking or power to give, maintain, or protect collateral to secure payment;

(b) An authorization or power to the holder to confess judgment or realize on or dispose of collateral;

(c) A waiver of the benefit of any law intended for the advantage or protection of an obligor. * * *

**{¶46}** Appellants argue that section 5(C) of the note, which requires a payor to provide written notice if the payor wishes to prepay the loan, and uniform covenant 2 of the mortgage, which identifies the order of priority in which the lender shall apply payments, constitute "other undertakings" under R.C. 1303.03(A), which render the note nonnegotiable. As a number of courts have held, however, the right of a payor under a note to prepay part of the principal does not constitute an additional "undertaking or instruction" that renders the note nonnegotiable. *See, e.g., HSBC Bank USA, NA v. Gouda,* N.J. Super. No. F-20201-07, 2010 N.J. Super. Unpub. LEXIS 3029, *7-8 (Dec. 17, 2010); *In re Walker,* 466 B.R. 271, 283-284 (Bankr.E.D.Pa. 2012); *Kain v. Bank of New York Mellon (In re Kain),* Bankr.D.S.C. Nos. 08-08404-HB, 10-80047-HB, 2012

Bankr. LEXIS 1406, *19-20 (Mar. 30, 2012).

**{¶47}** Nor does uniform covenant 2 of the mortgage constitute an "other undertaking or instruction" within the meaning of R.C. 1303.03(A). The provision at issue states:

> [A]ll payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3 [funds for escrow items]. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

**{¶48}** Appellants contend that this clause in the mortgage "provides that to the extent payments are misapplied[,] the borrower is entitled to a proper credit on the outstanding principal balance owed" and that, as such, it constitutes an "other undertaking." However, that is not what the provision states. Further, the negotiability of the note is determined from the note, not the mortgage. *Mohammad*, 2012-Ohio-3455 at ¶ 16 ("The question of whether a document is a negotiable instrument is determined from the language used on the face of the document by its maker or drawer."). Accordingly, this provision does not adversely impact the negotiability of the note.

**{¶49}** Appellants also argue that the note is nonnegotiable because the promise to pay is conditional. Specifically, appellants contend that section 6 of the note and

uniform covenant 14 of the mortgage contain "express conditions to payment" that "create[] a bar to negotiability" under R.C. 1303.05(A).

{¶50} R.C. 1303.05 provides, in relevant part:

(A) * * * for the purposes of division (A) of section 1303.03 of the Revised Code, a promise or order is unconditional unless it states any of the following:

(1) An express condition to payment;

(2) That the promise or order is subject to or governed by another writing;

(3) That rights or obligations with respect to the promise or order are stated in another writing. A reference to another writing does not of itself make the promise or order conditional.

(B) A promise or order is not made conditional by a reference to another writing for a statement of rights with respect to collateral, prepayment, or acceleration or because payment is limited to resort to a particular fund or source.

{¶51} Section 6 of the note and uniform covenant 14 of the mortgage provide that, to the extent interest or other loan charges collected on the loan exceed the amounts permitted by law, the excess will be refunded to the borrowers, and then specify the manner in which that will occur. Appellants argue that "by expressly justifying the borrower in withholding a portion of the stated principal amount of the note" and by "condition[ing] the maker's obligation to repay the stated principal and interest on the lawfulness of the negotiated payment terms," these provisions create an express condition to payment that "deprives the note of negotiability." However, contrary to appellants' argument, nothing in these provisions gives the borrowers the right to withhold payment or relieves the borrowers of their obligation to repay the amounts due under the note.

Accordingly, appellants' argument is without merit.

**{¶52}** Appellants further contend that the note is nonnegotiable because "[t]he first full paragraph of Section 11 of the note clearly makes the note subject to the provisions of the mortgage" and therefore "violates Article 3 rules regarding unconditional promises."

**{¶53}** Section 11 states:

This Note is a uniform instrument with limited variations in some jurisdictions. In addition, to the protections given to the Note Holder under this Note, A Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That the Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows: * * *

**{¶54}** Appellants' argument ignores R.C. 1303.05(B). R.C. 1303.05(B) expressly states that "[a] promise or order is not made conditional by a reference to another writing for a statement of rights with respect to collateral, prepayment, or acceleration * * * ." *See also* Official Comment to UCC 3-106, comment 1 ("In some cases it may be convenient not to include a statement concerning collateral, prepayment, or acceleration in the note, but rather to refer to an accompanying loan agreement, security agreement, or mortgage for that statement. Subsection (b)(i) [R.C. 1303.05(B)] allows a reference to the appropriate writing for a statement of these rights.") Accordingly, the reference to the mortgage, in Section 11 of the note, with respect to rights of acceleration does not render the note

nonnegotiable. *See Mesina v. Citibank, NA*, Bankr.D.N.J. No. 10-2304 RTL, 2012 Bankr. LEXIS 2958, *3-6 (June 27, 2012).

### Deutsche Bank's Status as Holder of Note and Mortgage at Time Foreclosure Complaint Filed

**{¶55}** Appellants also contend that Deutsche Bank lacked standing to enforce the note and mortgage because it failed to establish that it was the "owner" or holder of the note when the foreclosure complaint was filed. Appellants further argue that because "[t]here were multiple versions of the promissory note in the record[,] * * * there were unresolved conflicts as to which version was authentic" and that a genuine issue of material fact existed as to whether Deutsche Bank possessed the note endorsed in blank at the time it filed its complaint, which should have precluded summary judgment.

**{¶56}** The current holder of the note and mortgage is the real party in interest in a foreclosure action. *Turner*, 2012-Ohio-4592 at ¶ 16. An entity must prove that it was the holder of the note and mortgage on the date that the foreclosure complaint was filed; otherwise, summary judgment is inappropriate. *Wells Fargo Bank, N.A. v. Jordan*, 8th Dist. No. 91675, 2009-Ohio-1092, ¶ 23. Lack of standing cannot be "cured" after the complaint is filed. *Deutsche Bank Natl. Trust Co. v. Rudolph*, 8th Dist. No. 98383, 2012-Ohio-6141, ¶ 17; *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017,

979 N.E.2d 1241, ¶ 27-28.

**{¶57}** Although a plaintiff must establish that it was the holder of the note and mortgage at the time the foreclosure action was filed, it need not present its proof "on the

exact date that the complaint in foreclosure is filed." *Bank of N.Y. Mellon v. Watkins*, 10th Dist. No. 11AP-539, 2012-Ohio-4410, ¶ 18, citing *Countrywide Home Loans v. Montgomery*, 6th Dist. No. L-09-1169, 2010-Ohio-693, ¶ 13. Rather, a plaintiff can offer additional proof after the filing of the foreclosure action, including with its motion for summary judgment, establishing that it became the holder of the note and mortgage prior to or at the time of the filing of the foreclosure action. *See, e.g., Wells Fargo Bank, N.A. v. Stovall*, 8th Dist. No. 91802, 2010-Ohio-236, ¶ 16-17 (assignment of mortgage to bank, dated prior to the filing of the complaint, that was attached to bank's motion for summary judgment demonstrated that bank was the real party in interest at the time foreclosure action was filed); *U.S. Bank Natl. Assn. v. Kafantaris,* 11th Dist. No. 2011-T-0002, 2011-Ohio-5601, ¶ 29 (bank's failure to attach "the complete documents evidencing its status as the holder of the note and mortgage" at the time the complaint was filed was a "curable defect").

{¶58} In this case, although the documents attached to the foreclosure complaint do not establish Deutsche Bank as the current holder of the note at the time the complaint was filed, i.e., the copy of the note attached to complaint was a copy of the unendorsed note the borrowers executed in favor of Argent, the documents Deutsche Bank submitted with its motion for summary judgment — a copy of the note endorsed in blank, along with Kistler's affidavit authenticating the endorsed note and establishing that Deutsche Bank had been possession of the endorsed note since September 2003 — demonstrate that it was the holder of the note at the time the complaint was filed. Accordingly, Deutsche

Bank established that it was the holder of the note at the time it filed its foreclosure complaint. It was not additionally required to prove that it was the "owner" of the note and mortgage. *Adams*, 2012-Ohio-6253 at ¶ 13-14, citing *U.S. Bank, N.A. v. Coffey*, 6th Dist. No. E-11-0-26, 2012-Ohio-721, ¶ 18; R.C. 1303.31(B) ("A person may be a 'person entitled to enforce' the instrument even though the person is not the owner of the instrument * * * ." ); *see also Mitchell*, 2012-Ohio-3732 at ¶ 16 ("An assertion of ownership rights does not indicate entitlement to enforce an instrument, nor does a lack of ownership necessarily prevent a person from being entitled to enforce an instrument. * * * '[B]ecause a promissory note is transferred through the process of negotiation, ownership is not a requirement for enforcement of the note.'"), quoting *Coffey* at ¶ 20.[7]

**{¶59}** The mere fact that there were two different copies of the note in the record — one with endorsements and one without — does not mandate a finding that one of the notes was "unauthentic" or otherwise preclude summary judgment. *Adams*, 2012-Ohio-6253 at ¶ 19-20. In his affidavit, Kistler explained the existence of the two versions of the notes as follows:

> The copy of the Note attached to the Complaint lacked the endorsements
>
> because it was a copy from the mortgage loan closing file. The closing file

---

[7]Appellants contend that it is of "critical importance" that Deutsche Bank never amended its complaint or supplemented its discovery responses to include a copy of the endorsed note. However, Deutsche Bank was not required to amend its complaint to substitute a copy of the endorsed note for the unendorsed note attached to the complaint. *See Wells Fargo Bank v. McConnell,* 5th Dist. No. 12CAE070040, 2012-Ohio-5159, ¶ 14-15. Further, the record reflects that a copy of the endorsed note was produced to appellants during discovery.

contains copies of documents as they were on the day the Defendants closed the loan, which is why no endorsements were contained on that copy of the Note. A true and accurate copy of that Note from the closing file is attached hereto as Exhibit B. The copy attached hereto as Exhibit A-1 that includes the endorsements is from the collateral file, which contains the original Note as subsequently endorsed. This is not uncommon. In fact, in my experience the note attached to the complaint is usually a copy from the closing file.

**{¶60}** Kistler's explanation is credible and supported by other facts and documents in the record. Appellants offer no facts or evidence contradicting the explanation provided. Accordingly, the existence of both the endorsed note and the unendorsed note in the record did not create a triable issue of fact.

## Noncompliance with the PSA

**{¶61}** Alternatively, appellants contend that Deutsche Bank lacked standing to enforce the note because the transfer of appellants' loan to Deutsche Bank was not in compliance with the PSA. Appellants assert that because the PSA "provides the only avenue by which assets become part of the [trust]" and appellants' loan was not properly transferred to the trust under the PSA, Deutsche Bank, could not "own" the note and mortgage. Appellants further argue that because the PSA states that it is to governed by New York law, Deutsche Bank's standing to enforce the note must be determined under New York law and the PSA, rather than Ohio law. We disagree.

{¶62} Appellants are not parties to the PSA.  Whether or not the parties to the PSA failed to comply with the terms of the PSA is irrelevant to Deutsche Bank's standing as the holder of the note. By virtue of its possession of the note endorsed in blank, Deutsche Bank was the holder of the note and entitled to enforce the note under Ohio law.  *See* R.C. 1301.01(T)(1) and 1303.31(A)(1); *see also Smoak*, 461 B.R. at 519 (citing cases rejecting argument that "noncompliance with the PSA vitiates the standing of lenders to enforce notes and mortgages").   Accordingly, any alleged noncompliance with the PSA does not create a genuine issue of material with respect to Deutsche Bank's standing to enforce the note and mortgage.

### Appellants' Challenges to the Assignment of Mortgage

{¶63} Finally, appellants argue that the trial court erred in entering summary judgment in favor of Deutsche Bank on its complaint because the assignment of mortgage from Argent to Deutsche Bank was "robo-signed."  In support of their "robo-signing" claim, appellants offered a deposition transcript from a non-party witness in an unrelated case, involving an unrelated loan.   The transcript does not bear the witness's signature or waiver of signature, or any court reporter certification.   Accordingly, it is not properly considered on summary judgment.  *Unger*, 2012-Ohio-1950 at ¶ 43.   Appellants have produced no evidence that the assignment of mortgage in this case was robo-signed.

{¶64} Further, as this court previously explained in *Unger,* given that there is no dispute that appellants executed the mortgage to secure the obligations owed on the note, appellants lack standing to challenge the subsequent assignment of the mortgage:

The mortgage assignments did not alter the Ungers' obligations under the note or mortgage. Mellon filed the foreclosure complaint based on the Unger' default under the note and mortgage, not because of the mortgage assignments. The Unger' default exposed them to foreclosure regardless of the party who actually proceeds with foreclosure. The Ungers, therefore, failed to show they suffered or will suffer any injury, the injury is traceable to the mortgage assignments, and it is likely a favorable decision will remedy the injury. The trial court properly granted Mellon's motion for summary judgment because the Ungers lacked standing to challenge the mortgage assignments. (Citations omitted.) *Unger*, 2012-Ohio-1950 at ¶ 35; *see also Bridge v. Aames Capital Corp.*, N.D. Ohio No. 1:09 CV 2947, 2010 U.S. Dist. LEXIS 103154, *10-16 (Sept. 28, 2010); *Smoak*, 461 B.R. at 519 (makers of note could not challenge mortgage securing the note based on a defect in its assignment, where holder provided evidence that the makers granted the mortgage to secure the obligations owed on the note).

**{¶65}** Even if the assignment of mortgage from Argent to Deutsche Bank was invalid, Deutsche Bank would still be entitled to enforce the mortgage because under Ohio law, the mortgage "follows the note" it secures. *U.S. Bank N.A. v. Marino*, 181 Ohio App.3d 328, 2009-Ohio-1178, 908 N.E.2d 1032, ¶ 52 (7th Dist.) ("For nearly a century, Ohio courts have held that whenever a promissory note is secured by a mortgage, the note constitutes the evidence of the debt, and the mortgage is a mere incident to the

obligation.   Therefore, the negotiation of a note operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered.") (Citations omitted.)   The physical transfer of the note endorsed in blank, which the mortgage secures, constitutes an equitable assignment of the mortgage,  regardless of whether the mortgage is actually (or validly) assigned or delivered.   *See, e.g., Dobbs*, 2009-Ohio-4742 at ¶ 30.   Accordingly, appellants' second assignment of error is overruled.

### MDK's Motion for Summary Judgment on Appellants' Cross-Claims

**{¶66}** In their third and fourth assignments of error, appellants contend that the trial court erred in entering summary judgment in favor of MDK on appellants' FDCPA and CSPA claims based on MDK's purported "failure to submit any materials cognizable under Rule 56(E) in support of its motion for summary judgment."

**{¶67}** Appellants' arguments with respect to its third and fourth assignments of error relate exclusively to MDK's reliance on the affidavit of David Merrill to support its motion for summary judgment.  For the reasons that follow, appellants' arguments are meritless.

**{¶68}** Appellants first argue that MDK's motion for summary judgment should have been denied because MDK did not submit any of its own evidentiary materials with its motion for summary judgment and instead "relied solely on the affidavit of David Merrill," which Deutsche Bank submitted in support of its motion for summary judgment on appellants' counterclaims.   MDK, however, was not required to submit its own

"materials cognizable under Rule 56(E)" in order to prevail on summary judgment.

{¶69} Civ.R. 56(C) states in relevant part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

{¶70} It is not the burden of the moving party on summary judgment to place evidence in the record, but merely point to evidence that exists in the record that establishes the absence of a genuine issue of material fact for trial. *Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264 (observing that "the movant is not necessarily obligated to place any of these [Rule 56(C)] evidentiary materials in the record" but that "the evidence must be in the record or the motion cannot succeed"). MDK properly met its initial burden on summary judgment by pointing to evidence in the record, i.e., the pleadings, Merrill's affidavit, and the assignment of mortgage, indicating that appellants could not succeed on their FDCPA and CSPA claims against MDK.

{¶71} Appellants also contend that MDK failed to meet its "summary judgment burden" because the Merrill affidavit "contains hearsay, is not made on personal knowledge, and does not address the issues raised by Defendants against MDK in their cross-complaint."

{¶72} Appellants contend the Merrill affidavit is "flawed" because: (1) Merrill is not an employee of Deutsche Bank or MDK, but rather, works for AHMSI; (2) he failed to attach a copy of the power of attorney or other documentation establishing AHMSI as

Deutsche Bank's attorney-in-fact; (3) his affidavit references "Deutsche Bank" rather than the trust; (4) Merrill lacks personal knowledge of the facts to which he attests in the affidavit; and (5) Merrill makes "no attestation whatsoever regarding the false assignment MDK attached to the complaint."

{¶73} We addressed appellants' first two arguments in our discussion of the Kistler affidavit. For the same reasons we rejected appellants' arguments with respect to the Kistler affidavit, we reject them here.

{¶74} With respect to appellants' third argument, the term "Deutsche Bank," as used in the affidavit, is defined as the trust. As to appellants' claim that Merrill lacked personal knowledge of the facts stated in his affidavit, the assertion in his affidavit that the affidavit was based upon his personal knowledge was sufficient to satisfy the requirements of Civ.R. 56(E) "absent evidence to the contrary." *Papdelis*, 112 Ohio App.3d at 579, 679 N.E.2d 356. Moreover, an affiant need not explain the basis for his personal knowledge where, as here, his personal knowledge can be reasonably inferred based on the affiant's position and other facts contained in the affidavit. *See, e.g., Stovall*, 2010-Ohio-236 at ¶ 25; *Swartz*, 2004-Ohio-1986 at ¶ 14-15; *Bush v. Dictaphone Corp.*, 10th Dist. No. 00AP-1117, 2003-Ohio-883, ¶ 74-75. Appellants did not present any evidence contradicting Merrill's claims of personal knowledge. Finally, Merrill's affidavit was not the only evidence MDK relied on in support of its motion for summary judgment. Accordingly, the fact that Merrill did not specifically address appellants' allegations of fraud in his affidavit, did not preclude summary judgment in MDK's favor.

{¶75} Upon our review of the record, we find that MDK satisfied its initial burden under Civ.R. 56(C), showing that appellants could not establish a triable issue of fact on essential elements of their FDCPA and CSPA claims against MDK. We likewise find that appellants failed to satisfy their reciprocal burden under Civ.R. 56(E) to produce summary judgment evidence establishing a triable issue of fact. Accordingly, the trial court did not err in entering summary judgment in favor of MDK on appellants' FDCPA and CSPA claims. Appellants' third and fourth assignments of error are overruled.

### Deutsche Bank's Motion for Summary Judgment on Appellants' Counterclaim

{¶76} In their fifth assignment of error, appellants contend that the trial court erred in entering summary judgment in favor of Deutsche Bank on their CSPA claim. However, appellants' brief contains no argument in support of its fifth assignment of error. Under App.R. 16(A)(7), an appellant must set forth in his or her brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Where a party raising an assignment of error "fails to identify in the record" the error on which a particular assignment of error is based or "fails to argue the assignment separately in the brief, as required under App.R. 16(A)," the court may disregard an assignment of error presented for review. App.R. 12(A)(2). Accordingly, appellants' fifth assignment of error is overruled. *Fine v. Fine*, 8th Dist. Nos. 96433 and 96434, 2012-Ohio-105, ¶ 17-20; *State v. Durham*, 8th Dist. No. 94747, 2011-Ohio-2256,

¶ 42-45.

**{¶77}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

SEAN C. GALLAGHER, P.J., and
TIM McCORMACK, J., CONCUR