[Cite as *Nationstar Mtge., L.L.C. v. Perry*, 2013-Ohio-5024.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99497**

# NATIONSTAR MORTGAGE, L.L.C.

PLAINTIFF-APPELLEE

vs.

# ANGELA M. PERRY

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-759730

**BEFORE:** Stewart, A.J., Celebrezze, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 14, 2013

**FOR APPELLANT**

Angela M. Perry, pro se
7855 Summerset Drive
Walton Hills, OH    44146


**ATTORNEYS FOR APPELLEE**

Matthew P. Curry
Matthew J. Richardson
Manley, Deas & Kochalski, L.L.C.
P.O. Box 165028
Columbus, OH    43216

MELODY J. STEWART, A.J.:

{¶1} Defendant-appellant Angela Perry appeals from a summary judgment granting foreclosure in favor of plaintiff-appellee Nationstar Mortgage, L.L.C. On appeal, Perry asserts two assignments of error. First, Perry argues that the trial court improperly granted summary judgment because Nationstar did not own or hold the note prior to filing its complaint. In her second assignment of error, Perry argues that the trial court erred in granting summary judgment because Nationstar lacked standing. For the reasons that follow, we affirm.

{¶2} In August 2007, Perry executed a promissory note for $240,000 secured by a mortgage for the purchase of property in Walton Hills, Ohio. On July 15, 2011, Nationstar filed a complaint against Perry seeking $238,498.87 after Perry defaulted on her mortgage loan payments. Attached to the complaint was a copy of an unendorsed promissory note naming Flagstar Bank, F.S.B., as the payee. Also attached to the complaint was a copy of the mortgage and two mortgage assignments. The first mortgage assignment demonstrated that on November 18, 2008, the mortgage was assigned from Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Flagstar, F.S.B., to Flagstar, F.S.B. The second mortgage assignment demonstrated that on December 4, 2009, the mortgage was assigned from Flagstar, F.S.B., to Nationstar.

{¶3} On August 8, 2012, Nationstar filed a motion for summary judgment. Attached to the motion was the affidavit of a Nationstar employee attesting to the

existence of the debt and to the amount owed. Also attached to the motion, was another copy of the note. This copy of the note was endorsed in blank by Flagstar, F.S.B.

{¶4} On November 29, 2012, Perry filed a motion for leave to respond to Nationstar's motion for summary judgment. Perry also filed a motion to dismiss the complaint. On December 18, 2012, the court denied both of Perry's motions. On the same day, the magistrate granted summary judgment in favor of Nationstar. The trial court adopted the magistrate's decision on January 4, 2013. This appeal followed.

{¶5} Recently, the Ohio Supreme Court addressed the issue of standing in a foreclosure action. In *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, the court found that standing to sue is required to invoke the jurisdiction of the common pleas court and is determined at the commencement of a suit. *Id*. at _ 24. In foreclosure cases, standing exists where a party either has a mortgage assignment or is the holder of the note at the time the complaint is filed. *CitiMortgage, Inc. v. Patterson,* 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, _ 21. In this case, Nationstar has met its burden of proof with regard to standing because it had both the mortgage assignment and was the holder of the note at the time the complaint was filed.

{¶6} This case is analogous to *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657. In *Najar*, when the appellants-borrowers failed to make payments on their note, the appellee-bank filed a foreclosure action. Copies of

the unendorsed note and mortgage that the borrowers had executed in favor of the original lender were attached to the complaint. *Id.* at _ 7. The bank then moved for summary judgment that was granted by the trial court. In support of its motion, the bank included an affidavit of the vice president of the mortgage servicer, copies of the unendorsed note, the note endorsed in blank, the mortgage, the mortgage assignment, and various other loan-related documents. *Id.* at _ 21. On appeal, the borrowers asserted, among other arguments, that the note at issue was not a negotiable instrument because it was unendorsed at the time the complaint was filed and that the trial court erred by entering summary judgment in favor of the bank because the bank had failed to establish its right to enforce the note and mortgage. *Id.* at _ 2. The borrowers also argued that the bank lacked standing to foreclose on the property. *Id.*

**{¶7}** In affirming the decision of the trial court, this court found that the appellee-bank was both in possession of the note and was a holder of the note at the time the complaint was filed. *Id.* at _ 58. Specifically, we noted that the evidentiary materials supplied by the appellee bank, including the chain of assignments and transfers of the note and mortgage, the borrowers' default, and the balance owned on the loan, established that the bank was the proper party entitled to foreclose on the property. *Id.* at _ 25.

**{¶8}** Here, Nationstar has provided similar documents demonstrating that it is the proper party to foreclose on Perry's property. Similar to *Najar*, in this case there are two notes that are part of the record — an unendorsed note attached to the complaint and a

note endorsed in blank attached to the affidavit in support of the motion for summary judgment.  Like the appellants in *Najar*, Perry argues that Nationstar lacks standing because the note attached to the complaint was unendorsed.  Perry's argument is incorrect.

{¶9} The "holder" of a negotiable instrument is entitled to enforce the instrument. R.C. 1303.31(A).  A "holder" of a note includes a person who is in possession of an instrument payable to bearer. R.C. 1301.01(T)(1)(a).[1]  Under R.C. 1303.03, a "negotiable instrument" is an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it meets all of the following requirements:

(1) It is payable to bearer or to order at the time it is issued or first comes into possession of a holder.

(2) It is payable on demand or at a definite time.

(3) It does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain any of the following:

(a) An undertaking or power to give, maintain, or protect collateral to secure payment;

(b) An authorization or power to the holder to confess judgment or realize on or dispose of collateral;

(c) A waiver of the benefit of any law intended for the advantage or protection of an obligor.

---

[1]  Renumbered R.C. 1301.201(B)(21).

{¶10} The note attached to the motion for summary judgment was endorsed in blank by Flagstar, F.S.B. Therefore, since the note is bearer paper, it qualifies as a negotiable instrument. Accordingly, we find Nationstar has demonstrated its holder status at the time the complaint was filed.

{¶11} As we held in *Najar*, although a party seeking foreclosure must establish that it was the holder of the note and mortgage at the time the foreclosure action is filed, it need not present its proof on the exact date of filing. *Najar* at _ 57, citing *Bank of N.Y. Mellon v. Watkins*, 10 Dist. Franklin No. 11AP-539, 2012-Ohio-4410, _ 18. Proof may be offered after the filing date, including proof submitted as part of a motion for summary judgment, establishing a plaintiff's status as holder of the note at the time the complaint was filed. *Najar* at _ 57.

{¶12} Nationstar demonstrated it was in possession of the note at the time the complaint was filed by attaching the unendorsed note. In its motion for summary judgment, Nationstar demonstrated it was the holder of the note at the time the complaint was filed with the affidavit of one of its employees, along with a copy of the note endorsed in blank. "The mere fact that there were two different copies of the note in the record — one with endorsements and one without — does not mandate a finding that one of the notes was 'unauthentic' or otherwise preclude summary judgment." *Id.* at _ 59, citing *United States Bank, N.A. v. Adams*, 6th Dist. Erie No. E-11-070, 2012-Ohio-6253, _ 19-20.

**{¶13}** Finally, Perry challenges the affidavit of Nationstar's employee by claiming that the document is inadmissible hearsay because the affidavit was not based on personal knowledge nor does it authenticate the mortgage and the note as "true copies." These arguments are also unpersuasive.

**{¶14}** Under Civ.R. 56(E), an affidavit must be made on personal knowledge, set forth such facts that would be admissible in evidence, and affirmatively demonstrate that the affiant is competent to testify to the matters stated in the affidavit. Additionally, documents referred to in an affidavit must be attached and must be sworn or certified copies. Civ.R. 56(E). Verification of these documents is generally satisfied by an appropriate averment within the affidavit; for example, "such copies are true copies and reproductions." *Najar* at ¶ 20, citing *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 423 N.E.2d 105 (1981), paragraph three of the syllabus.

**{¶15}** Perry argues that the affidavit failed to state in detail how the statements of the employee were based on personal knowledge. However, we find that the affidavit was sufficiently based on personal knowledge for Civ.R. 56(E) purposes. The affiant for Nationstar testified about his access to, and review of, the business records maintained in the ordinary course of Nationstar's mortgage loan servicing. He also testified to his personal knowledge of Perry's loan and default under the note and mortgage and to the amount owed on the note, and he did so making the proper averments. There is no requirement that an affiant explain the basis for his personal knowledge where his personal knowledge can be reasonably inferred based on the affiant's position and other

facts contained in the affidavit. *Najar* at _ 74. The trial court properly granted summary judgment.

{¶16} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
SEAN C. GALLAGHER, J., CONCUR