[Cite as *U.S. Bank Natl. Assn. v. Kamal*, 2013-Ohio-5380.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOC., | ) | |
| | ) | CASE NO.   12 MA 189 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| KHALIL KAMAL, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Common Pleas Court,
                              Case No. 10CV2902

JUDGMENT:                     Reversed and Remanded.

APPEARANCES:
For Plaintiff-Appellee:       Attorney Scott King
                              Attorney Terry Posey, Jr.
                              Austin Landing I
                              10050 Innovation Drive, Suite 400
                              Dayton, Ohio  45342

For Defendants-Appellants:    Attorney Thomas Michaels
                              839 Southwestern Run
                              Youngstown, Ohio  44514

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

                              Dated:  December 4, 2013

[Cite as *U.S. Bank Natl. Assn. v. Kamal*, 2013-Ohio-5380.]
VUKOVICH, J.

{¶1} Defendants-appellants Khalil Kamal and Mary Helen DeFrank-Kamal appeal the decision of the Mahoning County Common Pleas Court granting summary judgment and issuing a decree of foreclosure for plaintiff-appellee U.S. Bank National Association, as Trustee for Credit Suisse First Boston Bank MBS Heat-2003-7 (U.S. Bank). Three issues are raised. The first is whether there is a genuine issue of material fact as to whether U.S. Bank complied with the notice of default provisions in the note and mortgage. The second issue is whether U.S. Bank was a real party in interest when the foreclosure complaint was filed. The third issue is whether the trial court should have struck certain evidence that U.S. Bank used to support its request for summary judgment. Specifically, did the trial court abuse its discretion when it did not strike the admissions and copies of payment history that were attached to U.S. Bank's motion for summary judgment? Also, did it abuse its discretion when it did not strike the portion of the Pooling and Servicing Agreement that was attached to U.S. Bank's reply memorandum in support of its motion for summary judgment?

{¶2} For the reasons discussed below, given the record, there are genuine issues of material fact as to whether U.S. Bank was the holder of the note or mortgage when the complaint was filed and as to whether U.S. Bank complied with the default provisions in the note and mortgage. Therefore, the grant of summary judgment in U.S. Bank's favor is reversed and the matter is remanded for further summary judgment proceedings. As to the summary judgment evidence attached to U.S. Bank's motions, it is noted that while the trial court did not abuse its discretion in failing to strike the admission and copies of the Kamals' payment history, it should have struck the Pooling and Servicing Agreement.

<u>Statement of the Case</u>

{¶3} On September 26, 2003, Kamals signed a note for $102,000. The lender was Aames Funding Corporation dba Aames Home Loan. The note was secured by a mortgage on the real property located at 19 Creed Circle, Campbell, Ohio. The mortgage was signed on September 26, 2003, but was not filed until October 2, 2003.

**{¶4}** The Kamals defaulted on the note and a complaint sounding in foreclosure was filed by U.S. Bank, who alleges to be the holder of the note and mortgage. While the note and mortgage are attached to the complaint, neither contain an assignment or an endorsement that would provide evidence that U.S. Bank is the holder of the note and/or mortgage.

**{¶5}** After a delay, the Kamals answered the complaint. In the answer the Kamals asserted as defenses that U.S. Bank did not have standing to bring the action and that the notice procedures in the note and mortgage were not followed.

**{¶6}** Following discovery, U.S. Bank filed a motion for summary judgment attaching documents to support its position that it is the holder of the note, that it complied with the notice provisions in the note and mortgage and that the Kamals are in default. The Kamals responded to that motion once again asserting that U.S. Bank does not have standing and that the notice provisions were not complied with. The Kamals also moved for certain documents attached to U.S. Bank's motion for summary judgment to be struck. U.S. Bank filed a reply in support of its motion for summary judgment, which included attachments to support its position. The Kamals moved to strike the attachments.

**{¶7}** Thereafter, the trial court granted summary judgment in U.S. Bank's favor and issued a decree of foreclosure. 09/20/12 J.E. It is from that judgment that the Kamals appeal.

<u>Assignment of Error</u>

**{¶8}** "The trial court erred as a matter of law in granting summary judgment to plaintiff-appellee (Judgment Entry Date September 19, 2012)."

**{¶9}** In reviewing a summary judgment award we apply a de novo standard of review. *Cole v. Am. Industries & Resources Corp.,* 128 Ohio App.3d 546, 552, 715 N.E.2d 1179 (7th Dist.1998). Thus, we use the same test as the trial court did, Civ.R. 56(C). That rule provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving

party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Fleming,* 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994).

{¶10} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, 1997-Ohio-259.

{¶11} With that standard in mind, we now turn to the three arguments raised as to why summary judgment should not have been granted in U.S. Bank's favor.

<u>A. Real Party in Interest</u>

{¶12} Our analysis will begin with standing. The issue raised to this court is whether U.S. Bank, at the time the complaint was filed, was a real party in interest.

{¶13} The Ohio Supreme Court has recently explained that standing is required to invoke the jurisdiction of the common pleas court, and therefore it is determined as of the filing of the complaint. *Fed. Home Loan Mortgage Corp. v. Schwartzwald*, 134 Ohio St. 3d 13*,* 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 3. Receiving an assignment of a promissory note and mortgage from the real party in interest subsequent to the filing of an action but prior to the entry of judgment does not cure a lack of standing to file a foreclosure action. *Id.*

{¶14} In the complaint, U.S. Bank asserted that it is the holder of the note. 08/02/10 Complaint, first paragraph. Attached to the complaint are the note and the mortgage, both of which indicate that Aames Home Loan is the lender. There is no assignment of the mortgage attached indicating that prior to the complaint being filed U.S. Bank was assigned the mortgage. Likewise, there also is no endorsement attached or affixed to the note indicating that U.S. Bank acquired the note from Aames Home Loan prior to the complaint being filed. In the answer, the Kamals

twice asserted as an affirmative defense that U.S. Bank does not have standing to bring the action.

**{¶15}** In the motion for summary judgment, U.S. Bank asserts that it is in possession of the note and is entitled to enforce it and that it also was assigned the mortgage prior to the filing of the August 2, 2010 complaint. In response to that motion, the Kamals once again asserted the U.S. Bank does not have standing.

**{¶16}** In order to have standing, U.S. Bank was required to be either the holder of the note or to have been assigned the mortgage prior to the complaint being filed. *CitiMortgage v. Loncar*, 7th Dist. No. 11MA174, 2013-Ohio-2959 (being the holder of note only at the time the complaint was filed is sufficient to have standing); *CitiMortgage, Inc. v. Patterson*, 8th Dist. No. 98360, 2012-Ohio-5894, 984 N.E.2d 392 (assignment of the mortgage prior to the filing of the complaint was sufficient to establish standing). See also *Fed. Home Loan Mortgage Corp. v. Schwartzwald*, 134 Ohio St. 3d 13, 2012-Ohio-5017, 979 N.E.2d 1214.

**{¶17}** We will begin with the note. U.S. Bank attached the note to the motion for summary judgment. Also attached is a document titled "Endorsement and Assignment of Note." The endorsement is dated September 25, 2003. It lists the Kamals as the borrower, the 19 Creed Circle address as the property address, states that the endorsement is for the note dated September 26, 2003 date in the amount of $102,000. The endorsement does not state who it is assigned to; it is endorsed in blank.

**{¶18}** When an instrument is endorsed in blank, the instrument becomes payable to the bearer and may be negotiated by transfer of possession alone until specially endorsed. R.C. 1303.25(B). Under R.C. 1303.31(A), the "holder" of a negotiable instrument is a "[p]erson entitled to enforce" the instrument. A "holder" includes a person who is in possession of an instrument payable to bearer. R.C. 1301.01(T)(1)(a) (This section was repealed by 2011 H.B. No. 9 and renumbered R.C. 1301.201. Because R.C. 1301.201 only applies to transactions entered on or after June 29, 2011, the effective date of the house bill, we apply R.C. 1301.01 in this instance.).

**{¶19}** Considering the endorsement, whoever has possession of the note and endorsement is the holder and the person entitled to enforcement. While the endorsement is dated September 25, 2003, it is unclear when U.S. Bank took possession of the note. Attached to U.S. Bank's motion for summary judgment is an affidavit from Amy K. Prophet, Vice President Loan Documentation for Wells Fargo Bank as servicing agent for U.S. Bank. That affidavit states "Plaintiff is the holder of the Note and Mortgage." Prophet Affidavit ¶ 7. However, this does not indicate when U.S. Bank became the holder of the note. Or in other words, it does not indicate when U.S. Bank acquired possession of the note and endorsement. The fact that it is dated September 25, 2003 does not indicate that the note was transferred to U.S. Bank on that date. Aames may have filled out the endorsement on that date, but retained possession of the note, i.e. it did not give U.S. Bank possession of the endorsement and note until a later date. If that occurred, the note would not have transferred until U.S. Bank acquired possession of it, even though an endorsement was signed in blank.

**{¶20}** In some situations possibly it could be determined that the bank took possession on the date of the endorsement. However, given the facts of this case, it is difficult to conclude that such a thing happened here. The note was not executed until September 26, 2003. Thus, it is difficult to conclude that U.S. Bank took possession of the note on September 25, 2003, the day before the note's execution.

**{¶21}** If September 25, 2003 is not the date that U.S. Bank took possession, then we must look to see if there is any other evidence as to when it took possession. The record is devoid of any other evidence stating when U.S. Bank took possession of the note and endorsement. At this point we note that standing could easily be established by U.S. Bank by providing through an affidavit the date that it became the holder.

**{¶22}** Therefore, for all the above reasons, there is a genuine issue of material fact as to whether U.S. Bank was holder of the note when the complaint was filed.

**{¶23}** However, that does not mean that U.S. Bank did not have standing. As aforementioned, in order to have standing, U.S. Bank, at the time the complaint was filed, either had to be the holder of the note or have been assigned the mortgage. Thus, since we cannot determine, from the record before us, when it became the holder of the note, we turn our attention to the mortgage and whether U.S. Bank was assigned the mortgage prior to filing the complaint.

**{¶24}** Attached to the motion for summary judgment is the mortgage that was executed on September 26, 2003 and filed in Mahoning County on October 2, 2003. Attached to that mortgage is an assignment of the mortgage. This assignment was not recorded until August 30, 2010, four weeks after the complaint was filed. However, the document was notarized on September 25, 2003. Typically an assignment is effective on the date it is executed and not the date of recording. *Shoney's, Inc. v. Winthan Properties, Inc.*, 10th Dist. No. 01AP-145 (Dec. 13, 2001).

**{¶25}** However, this case is not typical and we cannot conclude that the assignment was effective on the date it was notarized. The notarization occurred on September 25, 2003, the date prior to the mortgage being executed. Furthermore, the language of the assignment states the date the mortgage was signed, the date it was recorded, October 2, 2003, and the volume and page number of the Official Records of Mahoning County where it was recorded. On the date it was notarized, September 25, 2003, that information could not have been included in the assignment because it was not yet known. For instance, how would it be known the date that the mortgage was recorded and what volume and page number it was recorded on? Thus, there must have been blanks on the assignment when it was notarized.

**{¶26}** Admittedly, courts have held that the debtor lacks standing to challenge an assignment between an assignor and assignee. *Bank of New York Mellon Trust Co., v. Unger*, 8th Dist. No. 97315, 2012-Ohio-1950, ¶ 31-35; *Bridge v. AAMES Capital Corp.,* N.D.Ohio No. 1:09 CV 2947, 2010 WL 3834059 (Sept. 28, 2010). The basis for such a finding is that the assignment does not alter the obligations under the note or mortgage. *Unger*, at ¶ 35. However, those cases are not dealing with the

situation we have here where the assignment is dated prior to the execution of the mortgage.

**{¶27}** When the mortgage was assigned is necessary for determining standing. Thus, we find that although a debtor cannot challenge the assignment, the debtor can raise the dates of the assignment to raise an issue as to when the assignment occurred.

**{¶28}** It is noted that while the dates were raised below, they were not argued on appeal. However, considering our review is de novo, we can still consider the dates.

**{¶29}** Considering the above, we cannot conclude that the record supports the position that the mortgage was assigned on September 25, 2003. Consequently, we must look in the record for another date which would logically make sense as to when the mortgage was assigned. Here, the only other logical date attached to the assignment is the date of recording. As previously indicated, that date occurs after the complaint was filed and U.S. Bank claims that it was assigned the mortgage prior to the filing of the complaint. Thus, we find that there is a genuine issue of material fact as to when the mortgage was assigned.

**{¶30}** Consequently, given the above, we find that there is a genuine issue of material fact whether U.S. Bank had standing when the complaint was filed.

B. Notice of Default

**{¶31}** In addition to the standing issues, the Kamals also contend that summary judgment was improperly granted because there is a genuine issue of material fact as to whether U.S. Bank complied with the notice of default and acceleration provisions in the note and mortgage.

**{¶32}** Paragraph 7 of the note provides that the note holder is to send the Kamals written notice of the default and notice telling them that if they do not pay the overdue amount by a certain date, the note holder may accelerate the note. Paragraph 22 of the mortgage provides similar requirements.

**{¶33}** Paragraph 8 of the note states that notice is given when it is either delivered to the Kamals or when it is sent by first class mail to the Kamals' property

address. Paragraph 15 of the mortgage further provides that any notice is deemed to have been received when it is mailed by first class mail or when it is actually delivered to the Kamals' notice address if sent by other means.

**{¶34}** U.S. Bank contends that there is no genuine issue of material fact because it did comply with the notice terms in the contract and there is evidence of that compliance in its motion for summary judgment and in its response to the Kamals motion in opposition to summary judgment.

**{¶35}** In the motion for summary judgment, U.S. Bank argued that all of the Kamals' affirmative defenses fail as a matter of law. This argument was made in partial response to the sixth defense asserted in the Kamals' answer, which was that U.S. Bank failed to follow the necessary notice provisions. Furthermore, attached to U.S. Bank's motion for summary judgment is an affidavit from Amy K. Prophet, Vice President Loan Documentation for Wells Fargo Bank as servicing agent for U.S. Bank. Paragraph 8 of that affidavit states that U.S. Bank "or its agent has accelerated the account, pursuant to the terms of the Loan." Also attached to the affidavit and incorporated by reference is the notice of default and acceleration letter that was addressed to the Kamals. U.S. Bank asserts that this is evidence that it complied with the notice provisions in the note and mortgage.

**{¶36}** In the motion in opposition to summary judgment, the Kamals argued that they did not receive the notice of default. Attached to that motion is an affidavit averring that Khalil Kamal did not receive the notice of default and acceleration. Kamal Affidavit ¶ 12.

**{¶37}** U.S. Bank responded to the motion in opposition and asserted that the information in the Prophet affidavit and the notice of default and acceleration letter that was attached to its initial summary judgment motions were sufficient to establish that the terms of the note and mortgage were complied with.

**{¶38}** The parties' arguments present us with the following issue: Did the Kamals specific averment in the motion in opposition to summary judgment that they did not receive notice of the default and acceleration create a genuine issue of

material fact that shifted the burden to U.S. Bank to show specific compliance with those notice provisions?

**{¶39}** Given the facts of this case and the specific provisions at issue, we answer that question in the affirmative. Once the Kamals asserted that they did not receive the notice of default and acceleration, a genuine issue of material fact was created to as to whether U.S. Bank complied with the notice provisions. The contract language specifically indicates that notice is deemed received if (1) it is sent by first class mail or (2) if sent by other means it is actually delivered. By claiming that they did not receive the notice, the Kamals are suggesting that the notice was not sent by first class mail or was not actually delivered to them.

**{¶40}** To resolve this issue of material fact, U.S. Bank had to either: (1) indicate that the notice was sent by first class mail or (2) show actual delivery. U.S. Bank did neither. Instead it made a blank statement that it complied with the notice provisions; the affidavit does not even use the word "mailed" or "served" when referencing the notice letter. The notice letter was attached to the motion for summary judgment and was incorporated through a properly framed affidavit. That letter is dated May 30, 2010. There is a bar code on the top of that letter, however, there is no indication whether that bar code represents an internal tracking mechanism for U.S. Bank or if it is a tracking number for the United States Postal Service. As such, we are unable to discern what this bar code means. Consequently, we must conclude that the evidence provided by U.S. Bank is not sufficient to dispel the issue of fact, because it does not show what means was used to send the notice.

**{¶41}** It is necessary in this instance to show the means used because if the notice was sent by other means, actual delivery is required. The sworn statement in U.S. Bank's Prophet affidavit that the terms of the note were complied with would not resolve the issue of whether actual delivery was accomplished. As aforementioned the Kamals avowed that they did not receive the notice. Therefore, if U.S. Bank's compliance with the terms of the notice provisions was through actual delivery,

clearly there is a genuine issue of material fact. This is why U.S. Bank was required to provide evidence of the means used to send the notice.

**{¶42}** At this point we note that if the notice was sent first class mail, U.S. Bank was not required to establish that the Kamals actually received it. Only if the notice is sent by other means is U.S. Bank required to establish that the Kamals received it. It would have been fairly easy for U.S. Bank to indicate if the notice was sent first class mail. Such statement could have been avowed in an affidavit. Likewise, if actual delivery was the means used, the genuine issue of material fact could most likely been dispelled by indicating the means used and showing evidence of receipt. This is not an onerous requirement for U.S. Bank.

**{¶43}** Therefore, for those reasons we also find that there is a genuine issue of material fact as to whether the notice provisions were complied with.

### C. Summary Judgment Evidence

**{¶44}** The last complained of issue in this case has to do with appropriate summary judgment evidence. U.S. Bank attached evidence to its motion for summary judgment and its reply to the Kamals motion in opposition to summary judgment. The Kamals moved to strike some of that evidence because it allegedly did not comport with Civ.R. 56(C). Specifically, the Kamals moved to strike the admissions and computer print-outs of the payment history that was attached to the motion for summary judgment. It also moved to strike the portion of a Pooling and Servicing Agreement that was attached to U.S. Bank's reply to the Kamals' motion in opposition. The trial court did not rule on the motions to strike, however, it did issue a decree of foreclosure. Thus, in essence, the trial court denied the motions.

**{¶45}** A trial court's decision to grant or deny a motion to strike is within its sound discretion and will not be overturned on appeal unless the trial court abuses its discretion. *Douglass v. Salem Cmty. Hosp.*, 153 Ohio App. 3d 350, 358, 2003-Ohio-4006, 794 N.E.2d 107, ¶ 20. An abuse of discretion constitutes more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶46} Civ.R. 56(C) provides that proper summary judgment is the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." If the evidence produced in support of summary judgment does not fit into one of those categories, then that evidence must be incorporated through a properly framed affidavit pursuant to Civ.R. 56(E). *Citibank v. McGee,* 7th Dist. No. 11MA158, 2012–Ohio–5364, ¶ 14, citing *Martin v. Central Ohio Transit Auth.,* 70 Ohio App.3d 83, 89, 590 N.E.2d 411 (1990). If the evidence is not incorporated through a properly framed affidavit, it is not proper summary judgment evidence and will not be considered. The incorporation requirement is met "by attaching the papers to the affidavit with a statement in the affidavit that the copies are true and accurate reproductions." *McGee,* ¶ 14, citing *State ex rel. Corrigan v. Seminatore,* 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981).

{¶47} With those standards in mind, we will now address the alleged improper evidence.

### 1. Admissions

{¶48} During discovery, U.S. Bank filed a Civ.R. 36 request for admissions. The Kamals responded to this request and admitted some facts and denied some facts. When U.S. Bank filed its motion for summary judgment, it relied on some of the admissions and attached the admissions to the motion. The Kamals assert that these admissions are not proper summary judgment evidence because it is not authenticated by U.S. Bank's counsel or the Prophet affidavit.

{¶49} This argument is meritless. Civ.R. 56(C) and case law clearly indicates that written admissions are proper summary judgment evidence and, as such, do not need to be incorporated through a properly framed affidavit. These admissions fit under that category. They are clearly written admissions that were made in response to U.S. Bank's request for admission. The title of the document is "Defendants Khalil I. Kamal and Mary Helen DeFrank-Kamal Responses to Plaintiff's Request for Admissions." The last page of the document also contains a certificate of service indicating that these admissions were sent by the Kamals' attorney to U.S. Bank's attorney. Therefore, there is no basis for striking these admissions and the trial court

could properly consider these admissions when determining whether summary judgment should have been granted.

## 2. Payment History

**{¶50}** Also attached to U.S. Bank's motion for summary judgment are computer printouts of the Kamals' payment history. These documents were attached to the Prophet affidavit and incorporated by stating, "[a]ttached as exhibits hereto are duplicate, true and accurate copes of * * * Payment History (Exhibit "E") * * * as they appear in Wells Fargo's Bank, N.A. business records." Prophet Affidavit ¶ 10. The Prophet affidavit also provides that Prophet is the vice-present of loan documentation for Wells Fargo Bank as the serving agent for U.S. Bank and that the affidavit is based upon her personal knowledge obtained from her personal review of the business records for the loan that is the subject of this action. Prophet Affidavit ¶ 1 and 4.

**{¶51}** Pursuant to our decision in *McGee*, the payment history was properly incorporated through the Prophet affidavit. Therefore, there is no basis to strike the payment history and the trial court could properly consider it when determining whether to grant U.S. Bank summary judgment.

## 3. Pooling and Servicing Agreement

**{¶52}** U.S. Bank attached a portion of a Pooling and Servicing Agreement to its reply to the Kamals' motion in opposition to summary judgment. This document is not incorporated through an affidavit. However, U.S. Bank asserts that this document is on a government website and the trial court was permitted to take judicial notice of it.

**{¶53}** While it may be true that this document is on a government website, it still is not proper summary judgment evidence. Our sister district has explained that documents from the Ohio Bureau of Workers' Compensation and the Ohio Industrial Commission websites are not proper summary judgment evidence when they are not properly incorporated through an affidavit. It explained:

> Civ.R. 56(C) places strict limitations upon the type of documentary evidence that a party may use in support of or in

opposition to summary judgment. Documents merely attached to a summary judgment motion, even though allegedly certified as official records, are not cognizable. *Bass–Fineberg Leasing, Inc. v. Keller,* 8th Dist. No. 96107, 2011–Ohio–3989, ¶ 11, citing *Spier v. Am. Univ. of the Caribbean,* 3 Ohio App.3d 28, 29, 443 N.E.2d 1021 (1st Dist.1981). If a document does not fall within one of the categories of evidence listed in Civ.R. 56(C), it can only be introduced as proper evidentiary material when it is incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E). *Biskupich v. Westbay Manor Nursing Home,* 33 Ohio App.3d 220, 222, 515 N.E.2d 632 (8th Dist.1986).

* * *

Under Evid.R. 201, a court may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." It is impossible to determine the credibility and reliability of documents purportedly printed from a website. The reliability of such documents is questionable, unless verified by a sworn affidavit. In *Rude v. NUCO Edn. Corp.,* 9th Dist. No. 25549, 2011–Ohio–6789, ¶ 16, the court held that it could not take judicial notice of facts posted on a website because it "did not supply the information in a manner that allows for judicial notice of a discrete fact without further inquiry." Therefore, the trial court properly disregarded Lebron's unverified documents.

*Lebron v. A & A Safety, Inc.*, 8th Dist. No. 96976, 2012-Ohio-1637, ¶ 8, 11.

**{¶54}** Finding that analysis persuasive, we hold that the Pooling and Servicing Agreement, which is allegedly from a government website but not properly incorporated through an affidavit, is not proper summary judgment evidence. The trial court should have struck this evidence.

## CONCLUSION

{¶55} In conclusion, the trial court's grant of summary judgment is reversed and the matter is remanded for further summary judgment proceedings. Specifically, given the facts of this case there are genuine issues of material facts as to whether U.S. Bank had standing at the time the complaint was filed and as to whether U.S. Bank complied with the notice provisions in the note and mortgage. That said, we find that the trial court correctly did not strike the admissions and the payment history attached to U.S. Bank's motion for summary judgment; those items were proper summary judgment evidence. The Pooling and Servicing Agreement, however, was not proper summary judgment evidence and should have been struck.


Donofrio, J., concurs.
DeGenaro, P.J., concurs.